Memorandum. Although a majority of the Appellate Division affirmed the trial court’s determination that General Accident Fire & Life Assurance Corp., Ltd. was not privileged to disclaim liability, it did so without affirming the findings of fact made below. Only four of the Justices in the Appellate Division passed on the issue of consent, two concluding that the operator of the car had the owner’s permission and two finding that there was no evidence to support the finding of consent. As a result, the limited issue presented in this appeal is whether, on the record before us, the Appellate Division could properly decide that the disclaimer was infirm because it was not sent *820 within a reasonable period of time after the accident (see Allstate Ins. Co. v. Gross, 27 N Y 2d 263, 267).
In our view the issue was not in the case. The parties to a lawsuit are free to chart their own course at the trial (Stevenson v. News Syndicate Co., 302 N. Y. 81) and may fashion the basis upon which a particular controversy will be resolved (Mann v. Simpson & Co., 286 N. Y. 450, 459; Matter of New York, L. & W. R. R. Co., 98 N. Y. 447, 452, 453; see, generally, Ferrante Equip. Co., v. Lasker-Goldman Corp., 26 N Y 2d 280, 282-283). From the colloquy occurring in open court and placed on the record at the commencement of the trial, it is clear that it was the judgment of the parties that reasonableness was not to be an issue in this litigation. Although it is true that counsel for plaintiffs remained silent during that phase of the colloquy when the court and counsel for the insurer stated that reasonableness was not an issue, he was in a position to object or correct the statements made. His failure to do so must be viewed as a tacit acceptance of the direction that the trial would take. Therefore, the only question before the court was that of the owner’s consent and the order appealed from must be reversed. Since the factual issue was left unresolved by the Appellate Division, it is necessary to remit to that court for further review of the facts (CPLR 5613; Cohen and Karger, Powers of the New York Court of Appeals, pp. 571-572).
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order reversed, without costs, and case remitted to the Appellant Division for further proceedings in accordance with memorandum herein.