OPINION OF THE COURT
Wachtler, J.
On this appeal a committee of church members (Committee) seeks to set aside a church election authorizing the sale of certain church property. It is contended that the procedures employed were not in accordance with the law although they comported with the interpretation of Special Term prior to the election. The Appellate Division found no basis for setting aside the election but granted the Com *74 mittee leave to appeal to this court on a certified question as to the correctness of its order.
The underlying dispute involves the sale or long-term lease of a portion of the real property belonging to St. Bartholomew’s Church in Manhattan. The transaction is opposed by a group of parishioners who have formed the defendant “Committee to Preserve St. Bartholomew’s Church Inc.” In December, 1980 the church authorities commenced an action to enjoin the group from using that name. They also sought to impress a constructive trust on any funds solicited under that name. The Committee responded with two counterclaims: (1) to impress a constructive trust on funds intended for the Committee and (2) to require the church authorities to convene a special meeting to vote on a proposed resolution to amend the by-laws. Under this proposal no sale of church property could be made unless a majority of the church members voted to approve the sale.
After the court granted a preliminary injunction prohibiting the Committee from using the disputed name, the name was changed by mutual consent, thus terminating the first cause of action. The court also granted summary judgment to the defendants on the second counterclaim and directed the church to hold an election on the proposed resolution.
The church authorities appealed this order to the Appellate Division and sought a stay. The Appellate Division denied the stay but directed that the appeal be expedited.
In the meanwhile, the church had agreed to a letter of intent with a developer concerning the proposed leasehold which required the church to obtain, within a limited period, final ecclesiastical and church member approval of the transaction. Faced with this time stricture the church authorities decided to submit the proposed sale to the parish membership; however, on the eve of the vote the Committee sought and obtained from Justice Greenfield an order enjoining the election on the ground that the church authorities had failed to comply with the prior order directing them to hold an election on the proposed bylaw.
*75 The church authorities then applied to have the injunction vacated. At a conference before Justice Greenfield, by stipulation of the parties and with his approval, the text of a proposed by-law amendment requiring a vote of the parish for authorization of the disposition of the church property was approved, and the vestry thereafter amended the by-lav/ accordingly. During their appearance before Justice Greenfield, the church authorities and the Committee agreed that he should resolve their remaining disputes concerning the scheduled election. This agreement was made orally in chambers and was not subsequently entered on the record. However, in his decision Justice Greenfield noted that the parties had stipulated that “the ruling of this court would dispose of the issues pertaining to church election matters” and proceeded to prescribe the guidelines for voter qualifications. The court also vacated the order enjoining the election and refused to sign a further injunction when the Committee claimed that it had been denied access to certain membership information.
Neither side contested the court’s determination of voter qualifications prior to the election. Indeed, in a letter informing the church members of the court’s decision the Committee proclaimed a victory, announced the voter qualifications as determined by the court and urged all those qualified to vote in the election to do so. At the election held in December, 1981 the balloting was conducted in the manner prescribed by Justice Greenfield and the majority of the members voted approval of the sale.
The Committee then appealed to the Appellate Division claiming the election should be set aside, not because of any failure to comply with the procedures ordered by Justice Greenfield, but on the ground that the procedures established by the court violated subdivision 6 of section 43 of the Religious Corporation Law as made applicable by the by-law amendment. The Appellate Division found no basis for setting aside the election* nor do we under the unusual circumstances of this case.
*76 In this case it is clear that all parties were mindful of the fact that a determination had to be reached as soon as possible. In order to insure an expeditious resolution of their dispute they agreed to submit the controversy to Justice Greenfield prior to any sale or election and to comply with his determination. In accordance with this agreement the court quickly resolved the dispute and, more important, the parties accepted the court’s determination and actually conducted the election in accordance with the guidelines the court had prescribed. It was only after the Committee lost the election that it claimed that the procedures employed violated the law.
At this stage the Committee should not be permitted to raise this contention. As far as its rights are concerned it is sufficient to note that the election was conducted in accordance with Justice Greenfield’s ruling, which the parties had actively sought, agreed to abide by, and did in fact adopt as the operative guidelines with respect to this particular election. In short the parties charted their own course and the Committee cannot now seek tó change the rules merely because it has been disappointed by the outcome of the election (cf. Stevenson v News Syndicate Co., 302 NY 81, 87; Cullen v Naples, 31 NY2d 818, 820; Martin v City of Cohoes, 37 NY2d 162, 165-166).
Accordingly, the order of the Appellate Division should be affirmed and the certified question answered in the affirmative.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur.
Order affirmed, with costs, and question certified answered in the affirmative.

 In the companion appeal the Appellate Division reversed and dismissed the defendant’s second counterclaim calling for an election on the proposed by-law. An appeal taken to this court purportedly as of right was dismissed for nonfinality.