■ MICHAEL L. SANTANGELO et al., Respondents, v NEW YORK AND SUBURBAN FEDERAL SAVINGS AND LOAN ASSOCIATION, Appellant. — Order, Supreme Court, New York County (Martin Evans, J.), entered on September 16, 1983, unanimously affirmed. Respondents shall recover of appellant $75 costs and disbursements of this appeal. Concur — Ross, Carro and Bloom, JJ.

Sullivan, J. P., and Kassal J., concur in a memorandum by Sullivan, J. P., as follows: This lawsuit revolves around the reasonableness of defendant's exercise of a mortgagee's right, under a "due-on-sale" clause, to withhold its consent to a transfer of title to the mortgaged property. The clause permits the mortgagee to declare the entire debt due and payable and to enforce the mortgage securing the debt in the event of a transfer of title without written consent, but further provides that the mortgagee's consent "shall not be unreasonably withheld."

In denying defendant's motion for summary judgment Special Term relied solely upon the existence of an issue of fact with respect to waiver, based on defendant's subsequent acceptance, with knowledge of a January 6, 1983 transfer of title to the mortgaged property to a cooperative corporation, of a tender of at least two monthly mortgage payment checks. The claim of waiver, even if it had merit, does not have any place in this lawsuit in which plaintiff seeks a declaration that defendant, a Federal savings and loan association chartered by the Federal Home Loan Bank Board pursuant to subdivision (a) of section 5 of the Home Owners' Loan Act of 1933 (48 US Stat 128, 132, US Code, tit 12, § 1464, subd [a]), unreasonably withheld its consent to such transfer, and also $2,246,450 in damages for such withholding. In its answer, which consists of a general denial, defendant does not, in any way seek to enforce any rights accruing to it as a result of plaintiffs' transfer of title without its consent, although we were advised on oral argument that a separate foreclosure action has now been commenced. Thus, the sole issue in this litigation is the reasonableness of defendant's May 20, 1980 decision to withhold its consent, while waiver is an issue for the court considering the foreclosure action. It also should be noted that plaintiffs have never pleaded waiver in their complaint.

In briefing the issues the parties have proceeded on the theory that defendant withheld its consent in order to take advantage of the higher interest rates prevailing in May, 1980, when its consent was sought. Had that been defendant's stated reason for withholding consent I would award it summary judgment since I agree with Special Term that the Supreme Court's decision in *Fidelity Fed. Sav. & Loan Assn. v De La Cuesta* (458 US 141), decided in 1982, two years after defendant's refusal to consent to the transfer, and Congress's action that same year in enacting the Garn-St. Germain Depository Institutions Act of 1982 (Pub L 97-320, 96 US Stat 1469)[*] dispose of the question of the reasonableness of withholding consent because of rising interest rates. In *De La Cuesta* (*supra,* pp 168-170), the court held, *inter alia,* that the Federal Home Loan Bank Board's 1976 regulation (12 CFR 546.5-11 [f], recodified in 1980 as 12 CFR 545.8-3 [f]) authorizing Federal savings and loan associations to include due-on-sale clauses in their loan instruments, preempts State law and that, under such regulation, a Federal savings and loan association may, at its option and unrestricted by State limitations, enforce the due-on-sale clause to secure current interest rates. Thus, such an institution's refusal to consent to a transfer under a due-on-sale clause in order to replace long-term, low-yield loans with loans at prevailing interest rates is, as a matter of law, reasonable, and, in those circumstances, the added clause, limiting the withholding of consent to a reasonable refusal, which might otherwise provide a legitimate basis for State court inquiry, becomes surplusage.

Defendant did not, however, bottom its refusal to consent to the transfer on the basis of rising interest rates. Instead, when plaintiffs requested its consent to a transfer of title to a cooperative corporation, defendant responded only, "[i]t is not this Association's policy to grant underlying loans to cooperative apartments." Very possibly defendant had skyrocketing interest rates as its real reason for withholding consent, but the reasonableness of its conduct should be judged against the reason expressed at the time the request was made and not against the reason offered in litigation. While the parties are free to chart their own procedural course (*Cullen v Naples,* 31 NY2d 818, 820), they are not free to ignore the factual record. The reasonableness of a bank policy which refuses to extend loans to cooperative apartments does present a question of fact.

Accordingly, for the reasons stated, I would affirm.

---

[*] Section 341 (subd [b], par [1]) of said act provides: "Notwithstanding any provision of the constitution or laws (including the judicial decisions) of any State to the contrary, a lender may, subject to subsection (c), enter into or enforce a contract containing a due-on-sale clause with respect to a real property loan."