■ ABDORHMAN A. HADASH et al., Appellants, v NASSER QATABI, Respondent. (Action No. 1.) AHMED M. ALMASMARY, Plaintiff, v NASSER QATABI et al., Defendants. (Action No. 2.)— In consolidated actions for partition of real property (action No. 1) and an accounting (action No. 2), the plaintiffs in action No. 1 appeal from an order of the Supreme Court, Kings County (Held, J.), dated August 28, 1986, which, inter alia, granted the respondent's application to direct the receiver of the property known as 145 Court Street, also known as 199 Pacific Street, Brooklyn, New York, to enter into a contract of sale of the subject premises with him.

Ordered that the order is reversed, without costs or disbursements, the respondent's application to direct the receiver to enter into a contract of sale of the subject premises with him is denied, without prejudice to any of the parties to renew such an application pursuant to the bidding procedure set forth in paragraph 11 of the stipulation entered into by the

parties on June 3, 1986, as incorporated in an order of the Supreme Court, Kings County (Held, J.), dated June 20, 1986. The appellants shall have two weeks from the date of the service upon them, by certified mail, of a copy of this decision and order, with notice of entry, to make an offer to purchase the property in an amount greater than $700,000, and the receiver shall notify all of the parties of each additional offer, if any, and allow each party a period of two weeks from the date of such notification to submit a greater offer.

The parties owned the subject property as partners, and on June 3, 1986, stipulated to resolve their differences with regard to the disposition of the premises, which stipulation was incorporated in a prior order of the same court, dated June 20, 1986, and which provided as follows: "Upon a reasonable offer being received by the receiver for the sale of said building, the parties agree that any partner or pair of partners may make a similar or higher offer; *and, the receiver must allow said partner or pair of partners two weeks to match said offer*" (emphasis added).

The record reveals that the appellants made an offer to purchase the property for an amount greater than the offer made by the respondent within the stipulated two-week period. In addition, the receiver failed to notify any of the parties of another offer made by an outside party in the amount of $700,000. Under the circumstances, the bidding process did not comport with the terms of the stipulation agreed to by the parties and as ordered by the court. Moreover, because the court failed to recognize the timely bid made by the appellants, the bidding process was not complete according to the terms of the stipulation at the time of the respondent's application. Thus, the court's determination that the respondent's bid be accepted and that the receiver enter into a contract of sale with him was premature and contrary to the bidding procedure provided in the parties' stipulation. Accordingly, the parties must be allowed to proceed with bidding pursuant to the terms of the stipulation until there is a successful bidder in compliance with such terms. We note the basic rule that "parties to a civil dispute are free to chart their own litigation course" *(Mitchell v New York Hosp.,* 61 NY2d 208, 214). Weinstein, J. P., Spatt, Sullivan and Harwood, JJ., concur.