OPINION OF THE COURT
Marvin E. Segal, J.
On April 4, 1988, the respondent’s insured, Casiano C. *781 Dorotheo, was involved in an automobile accident. Thereafter, one Rosa J. Pietrie, a passenger in the motor vehicle struck by the Dorotheo vehicle, commenced an action for damages for personal injuries, against Dorotheo. The respondent settled the action on behalf of its insured for $17,500, and obtained a release from Ms. Pietrie. After settling the claim, the respondent filed an application for intercompany arbitration seeking contributions from the petitioner in the sum of $17,500. The demand for arbitration is based upon the respondent’s contention that one National Petroleum, insured by the petitioner, was 100% at fault for the injuries sustained by Ms. Pietrie.
The petitioner contends that the respondent is barred from pursuing arbitration seeking contribution, pursuant to General Obligations Law § 15-108 (c), which provides that "[a] tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person”. The respondent contends that the Special Arbitration Agreement, executed by both parties as participating members of the intercompany arbitration, administered by the Arbitration Forum, Inc., contains a waiver of the statutory provisions set forth in General Obligations Law § 15-108 (c) in that said agreement requires compulsory arbitration of intercompany disputes, arising from claims or actions settled by one insurer, on notice to, but without the consent of, the insurer of a joint tortfeasor. The petitioner responds (1) that the respondent has misconstrued the governing Special Arbitration Agreement; and (2) that said agreement does not impair the parties’ rights under General Obligations Law § 15-108 (c).
Neither party has presented any precedent to the court interpreting the compulsory arbitration provisions of the subject Special Arbitration Agreement, or determining the effect of the contractual provisions upon General Obligations Law § 15-108 (c). The application before the court appears to be one of first impression.
Intercompany, special arbitration administered by Arbitration Forums, Inc., provides an arbitration facility for the disposition of disputes, arising from the signatories’ responsibilities as insurers of cotortfeasors. The governing Special Arbitration Agreement provides as follows:
"article first
"To arbitrate disputes between two or more signatories wherein each has issued: (a) a policy of casualty insurance *782 covering one or more of a number of parties, each asserted to be legally liable for an accident or occurrence out of which a claim or suit for bodily injury or property damage arises * * * With respect to the amount, if any, which each signatory shall ultimately pay toward a consummated settlement of any such claim or suit, provided such signatories have agreed on the overall settlement value of such claim or suit, and provided that the settlement value is not in excess of $100,000.00. It is recommended that each signatory pay an equal share of such settlement, but the settlement of a case in any ratio is made without prejudice to any party to the arbitration proceeding.
"article second
"A signatory company prior to a hearing may in its discretion and without the consent of the other involved signatory company settle any third party claim or suit within the jurisdiction of the preceding Article. The amount of such third party settlement shall not be at issue unless specifically pleaded by one of the parties to the arbitration proceeding.”
The respondent herein interprets article second to constitute a waiver of General Obligations Law § 15-108 (c), in that it requires signatories to the Special Arbitration Agreement to submit to binding arbitration for contribution of a third-party claim, settled without the consent of another tortfeasor. Section 15-108 (c) of the General Obligations Law may be waived by agreement (see, Mitchell v New York Hosp., 61 NY2d 208); and article second of the Special Arbitration Agreement set forth hereinabove, constitutes an enforceable waiver of General Obligations Law § 15-108 (c), which tends to effectuate the public policy of insuring prompt compensation of injured parties, while reserving the right of one tortfeasor to seek contribution from another. (Mitchell v New York Hosp., supra, at 214.)
Article second of the Special Arbitration Agreement is not, however, applicable to the facts and circumstances presented in the matter before the court. Pursuant to article first, one insurer may compel arbitration seeking contribution where all insurers agree on the "overall settlement value” of a third-party claim or suit, but disagree on the proportion of the settlement to be paid by each insurer. The dispositive factor in the instant proceeding is the definition of the term "overall settlement value”. The term refers to the total damages owing to the third party by the alleged tortfeasors. In order for *783 article first to be applicable, the settlement with the third party must conclude the third party’s interest in the dispute, thereby leaving to the arbitrator’s jurisdiction, the respective liabilities of the disputing codefendants for that third-party settlement. (Hines, Arbitration and Mediation, at 280-282 [1988 ed].) Clearly, one insurer may compel arbitration seeking contribution from a second insurer, only where the first insurer has settled and paid a third-party claim, and obtained releases of both insureds.
After the adoption of article first, it became apparent that insurers were frequently unable to agree on the issue of "overall settlement value”, thereby defeating the purpose for which Special Arbitration was instituted. In 1969, article second was incorporated into the program to facilitate the program’s intent. (Hines, Arbitration and Mediation, at 288 [1988 ed].) Article second permits one insurer to compel arbitration for contribution, where said insurer has settled and paid a third-party claim, on notice to another insurer, but without the other insurer’s consent. While this article obviates the need for agreement on the issue of over-all value as a condition precedent to arbitration, it does not remove the requirement that the first insurer have liquidated the third party’s claim as against both tortfeasors.
In the instant proceeding, the respondent’s insured, Dorotheo, was sued by Ms. Pietrie. Ms. Pietrie did not commence an action against National Petroleum, the petitioner’s insured, nor did the respondent implead National Petroleum in the action commenced by Ms. Pietrie against its insured. It did not pay the "overall settlement value” of Ms. Pietrie’s claim, and it did not obtain a release from Ms. Pietrie of National Petroleum. Ms. Pietrie may still assert a claim against National Petroleum. As a settling tortfeasor, respondent’s insured, Dorotheo, is insulated from any claim National Petroleum may assert for contribution pursuant to General Obligations Law § 15-108 (b). The respondent having failed to effectuate an over-all settlement of Ms. Peitrie’s claim, and having failed to obtain a release of her claim, if any, against National Petroleum, respondent is barred pursuant to General Obligations Law § 15-108 (c), from seeking contribution from the petitioner.
Accordingly, the application for an order permanently staying arbitration is granted.