■ J & A VENDING, INC., Respondent, v J.A.M. VENDING, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent. MILTON SMALL et al., Third-Party Defendants-Respondents. JOHN MURN et al., Nonparty Appellants-Respondents. (Action No. 1.) J.A.M. VENDING, INC., et al., Plaintiffs, v EAGLE & FEIN et al., Defendants. J & A VENDING, INC., Nonparty Appellant. (Action No. 2.) J.A.M. VENDING, INC., et al., Plaintiffs, v MILTON SMALL et al., Appellants, et al., Defendants. J & A VENDING, INC., Appellant. (Action No. 3.) J.A.M. VENDING, INC., Plaintiff, v JERRY R. DUGGER et al., Defendants. (And Two Third-Party Actions.) (Action No. 4.) J & A VENDING, INC., Respondent, v J.A.M. VENDING, INC., et al., Defendants, and ANSWER VENDING, INC., et al., Appellants. (Action No. 5.) [757 NYS2d 52] —In five related actions, inter alia, to recover damages for breach of contract and fraud, (1) J.A.M. Vending, Inc., the defendant third-party plaintiff in Action No. 1, and nonparties John Murn and Lori Murn appeal from (a) so much of an order of the Supreme Court, Nassau County (Burke, J.), dated December 22, 2000, as denied their motion in Action No. 1, denominated as one for "summary judgment" and to vacate a default judgment of the same court (Davis, J.), entered December 5, 1996, and (b) an order of seizure of the same court (Davis, J.), dated December 19, 1996, in that action, (2) the defendants Answer Vending, Inc., Thomas Murn, Sr., and Thomas Murn, Jr., in Action No. 5 appeal, as limited by their brief, and the defendants Ditmas Distributing Corp. and Larry Bono, purportedly appeal, from so much of the order dated December 22, 2000, as denied their motion to vacate a purported injunction and for summary judgment dismissing the complaint insofar as asserted against them in that action, and (3) J & A Vending, Inc., a defendant in Action No. 3, cross-appeals, and Milton Small, a defendant in Action No. 3, purportedly cross-appeals, from so much of the order dated December 22, 2000, as denied their cross motion in both Ac-

tions No. 2 and No. 3 for leave to renew the motion on behalf of all of the defendants in those actions for summary judgment dismissing the complaints in those actions. Presiding Justice Prudenti has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the purported appeals by Ditmas Distributing Corp. and Larry Bono in Action No. 5, and the purported cross-appeal by Milton Small in Actions No. 2 and No. 3, are dismissed, without costs or disbursements, as no notices of appeal or cross appeal were filed on their behalf; and it is further,

Ordered that the order dated December 22, 2000, is modified, on the law, by (1) upon the denial of the motion for "summary judgment" in Action No. 1 of the defendant J.A.M. Vending, Inc., and John Murn and Lori Murn and upon searching the record, granting "summary judgment" to the plaintiff J & A Vending, Inc., denying the earlier motion of the defendant J.A.M. Vending, Inc., and John Murn and Lori Murn, to vacate the default judgment entered against them on December 5, 1996, and to stay enforcement thereof including an order of seizure dated December 19, 1996, and vacating all stays that have been in effect since December 31, 1996, five days after service upon the appellants of a copy of this decision and order with notice of entry, and (2) deleting therefrom the provision denying the cross motion of the defendants J & A Vending, Inc., and Milton Small in Actions No. 2 and No. 3 and substituting therefor a provision granting the cross motion and, upon renewal, vacating that branch of the order dated February 18, 2000, denying the motion by Milton Small for summary judgment dismissing the complaints in those actions and, upon searching the record, substituting therefor a provision granting the motion for summary judgment dismissing the complaints in Actions No. 2 and No. 3 as against all the defendants named therein; as so modified, the order dated December 22, 2000, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that Actions No. 1, No. 2, and No. 3 are severed from Actions No. 4 and No. 5; and it is further,

Ordered that J & A Vending, Inc., and Milton Small are awarded one bill of costs payable by J.A.M. Vending, Inc., John Murn, Lori Murn, Answer Vending, Inc., Thomas Murn, Sr., and Thomas Murn, Jr.

In these lawsuits and appeals arising out of the sale of a business, the parties have charted their own procedural course, which they are free to do as long as it does not conflict with public policy (*see Mitchell v New York Hosp.*, 61 NY2d 208, 214

[1984]; *T.W. Oil v Consolidated Edison Co. of N.Y.,* 57 NY2d 574, 579-580 [1982]; *Stevenson v News Syndicate Co.,* 302 NY 81, 87 [1950]; *Kass v Kass,* 235 AD2d 150, 162 [1997], *affd* 91 NY2d 554, 568 n 5 [1998]). The parties have employed their own procedures, for example, by making a cross motion in a different action than the one in which the main motion was interposed, or by moving for summary judgment after the entry of judgment. In deciding these appeals we have applied their procedures.

These actions stem from the sale of a vending machine business for cash and a balance represented by a promissory note. The contract was guaranteed by John Murn and Lori Murn, officers and shareholders of the buyer, J.A.M. Vending, Inc. (hereinafter JAM). Their guarantee was collateralized by a second mortgage on their home. When JAM defaulted in December 1995, the seller, J & A Vending, Inc. (hereinafter J & A), commenced the first of the actions involved in these appeals (hereinafter Action No. 1). Action No. 1 was settled and resettled by stipulations in April and September 1996. One of the provisions of these stipulations required JAM to furnish an executed extension and modification of the mortgage agreement (hereinafter Mortgage Extension Agreement) within 10 days. J & A had a notice-to-cure right for any default which required service by certified mail to JAM. JAM thereafter defaulted in supplying the Mortgage Extension Agreement and J & A served a notice of default. Subsequently, J & A procured a default judgment in that action as well as an order of seizure, another remedy contemplated by the stipulations. Execution thereon has been stayed by order dated December 31, 1996, pending JAM's application to vacate the default judgment and order of seizure.

J & A tried to execute on the order of seizure. This precipitated two more actions (hereinafter Actions No. 2 and No. 3) for damages alleging that the default judgment and order of seizure were obtained by the fraud of J & A and its attorneys.

In 1998, after J & A discovered that some of the collateral that was the object of the order of seizure ended up in a warehouse owned by John Murn's father and brother, Thomas Murn Sr. and Jr., J & A brought an action against them and their related entities (hereinafter Action No. 5) to set aside the transfers of this collateral as fraudulent.

In Action No. 1, when JAM, joined by non parties John Murn and Lori Murn (hereinafter the movants), moved for "summary judgment" and to vacate the default judgment and order of seizure, they argued that the notice of default was improperly

served and that J & A had waived the default by accepting a check after the declaration of default. The movants failed to establish their entitlement to judgment as a matter of law and their motion was appropriately denied. Indeed, on searching the record (*see Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 110-111 [1984]; *Wiseman v Knaus,* 24 AD2d 869 [1965]; Siegel, NY Prac § 282, at 444 [3d ed]; Karger, Powers of the New York Court of Appeals § 111 [3d ed]; *cf. Dunham v Hilco Constr. Co.,* 89 NY2d 425, 429 [1996]), we not only affirm the denial of the motion to vacate the default judgment and order of seizure, but also vacate the stay of their enforcement imposed by the order dated December 31, 1996.

On the record before us, JAM's default was established as a matter of law when it and John Murn and Lori Murn failed to return the Mortgage Extension Agreement executed and in recordable form. The assertion by their then-attorney that two counterparts of the Mortgage Extension Agreement "were forwarded" to J & A's attorneys did not sustain their burden of establishing that they did not default. This attorney's use of the passive voice, a grammatical device that conceals as much as it reveals, betrays an unwillingness to identify who actually "forwarded" the Mortgage Extension Agreement. No live person ever established that he or she personally transmitted such a document or delivered it to J & A or its counsel.

Accordingly, the default of JAM was established as a matter of law. J & A properly notified JAM of this default. If the notice of default were legal process, service on an officer would constitute personal service on the corporation (*see* CPLR 311 [a] [1]; *Siegel v Obes,* 112 AD2d 930, 931 [1985]; *Port Chester Elec. Co. v Ronbed Corp.,* 28 AD2d 1008 [1967]). The omission of JAM's name from the envelope did not deprive the notice of validity (*see Matter of T.E.A. Mar. Automotive Corp. v Scaduto,* 181 AD2d 776, 780-781 [1992]).

There is no merit to the movants' argument that J & A waived the default by cashing JAM's check after the declaration of default. The negotiation of this check did not purport to cure the default in supplying the Mortgage Extension Agreement. Hence, it did not qualify as a waiver.

Our disposition of the appeal in Action No. 1 is not inhibited by our prior decision *J & A Vending v J.A.M. Vending* (268 AD2d 504 [2000]). The default in furnishing the Mortgage Extension Agreement was not presented in that appeal.

In view of our disposition of the appeal in Action No. 1, Actions No. 2 and No. 3, which allege fraud in the procurement of the default judgment and order of seizure, must fail. There can

be no fraud in procuring the default judgment and order of seizure since they were obtained in complete accordance with prior stipulations and court order. In keeping with the procedural course the parties have charted throughout these actions and appeals (*see Rector, Church Wardens & Vestrymen of St. Bartholomew's Church in City of N.Y. v Committee to Preserve St. Bartholomew's Church,* 56 NY2d 71, 76 [1982]; *Cullen v Naples,* 31 NY2d 818, 820 [1972]; *Stevenson v News Syndicate Co., supra*), and in order to accord complete relief to parties united in interest and to avoid a multiplicity of new motions, we search the record and grant relief in favor of the nonappealing defendants in Actions No. 2 and No. 3 as well (*cf. Oxenhorn v Fleet Trust Co.,* 94 NY2d 110, 114 n 1 [1999]; *Dunham v Hilco Constr. Co., supra* at 429-430; *Hecht v City of New York,* 60 NY2d 57, 62 [1983]; *see Merritt Hill Vineyards v Windy Hgts. Vineyard, supra* at 111; *Stylianides v De Lorean Motor Co.,* 115 Misc 2d 861, 864-865 [1982]; Karger, Powers of the New York Court of Appeals § 111, at 645-646 [3d ed]).

Accordingly, we reverse and grant the cross motion for leave to renew in Actions No. 2 and No. 3 and, upon renewal, we grant summary judgment and dismiss those actions in their entirety.

The Supreme Court providently exercised its discretion in denying summary judgment to Answer Vending, Inc., Thomas Murn, Sr., and Thomas Murn, Jr., some of the defendants in Action No. 5. The defendants failed to comply with discovery demands and, as a result, there had been no disclosure in that action. An action should not ordinarily be dismissed on a motion for summary judgment prior to full disclosure where proof of the plaintiff's case depends on evidence within the exclusive control of the defendants (*see* CPLR 3212 [f]; *Yu v Forero,* 184 AD2d 506, 507 [1992]).

Since no notice of appeal was filed on behalf of Ditmas Distributing Corp. or Larry Bono in Action No. 5, and no notice of cross appeal was filed on behalf of Milton Small in Actions No. 2 and No. 3, we are dismissing their purported appeals and cross appeal, respectively. We are permitting the appeal in Action No. 1 of John Murn and Lori Murn because, as guarantors, they are named as judgment debtors in the default judgment. Though they are not defendants in the action, they are aggrieved by the denial of their motion to vacate the default judgment (*see* CPLR 5511; *Auerbach v Bennett,* 64 AD2d 98, 104, [1978] *mod on other grounds* 47 NY2d 619 [1979]; Karger, Powers of the New York Court of Appeals, § 67 at 410 [3d ed]).

The parties' remaining contentions are either unnecessary to

reach or are without merit. Prudenti, P.J., Smith, McGinity and Crane, JJ., concur.