■ DUANE P. DURST et al., as Acting Trustees of BETHEL ASSEMBLY OF GOD, MASSENA, a New York Religious Corporation, et al., Appellants, v JOSEPH J. GRANT et al., Respondents. [939 NYS2d 174]—

Lahtinen, J.

Plaintiffs commenced this action seeking, among other things, control of Bethel's property and enjoining defendants from purporting to be the trustees of Bethel. Defendants answered and counterclaimed for various relief, including enjoining plaintiffs from controlling the property of Bethel. Eventually, the parties stipulated to waive a trial and have Supreme Court decide the case based on certain agreed facts as well as submitted papers. The stipulated facts included that Bethel was a District affiliated church. Supreme Court nevertheless held in its decision that Bethel was a General Council affiliated church and, as such, that defendants were the proper board of trustees and entitled to custody and control of Bethel's real and personal property. Plaintiffs appeal.

Courts proceed with caution when faced with internal disputes of churches since " '[r]eligious bodies are to be left free to decide church matters for themselves, uninhibited by State interference,' save for matters that can be resolved through the application of 'neutral principles of law' " (*Blaudziunas v Egan*, 18 NY3d 275, 280 [2011], quoting *First Presbyt. Church of Schenectady v United Presbyt. Church in U.S. of Am.*, 62 NY2d 110, 116-117, 120 [1984], *cert denied* 469 US 1037 [1984]; *see Jones v Wolf*, 443 US 595, 599-601 [1979]). Here, the parties simplified and narrowed the issues by stipulating to certain facts and seeking a determination based upon submitted papers. Stipulations are favored and, so long as public policy is not violated, "parties to a civil dispute are free to chart their own litigation course and, in so doing, they may stipulate away statutory, and even constitutional rights" (*Matter of Mallinckrodt Med. v Assessor of Town of Argyle*, 292 AD2d 721, 722 [2002] [internal quotation marks and citation omitted]; *accord Mitchell v New York Hosp.*, 61 NY2d 208, 214 [1984]).

There is merit to plaintiffs' argument that Supreme Court erred in finding Bethel to be a General Council affiliated church. The parties stipulated that Bethel was a District affiliated church. This stipulation in no way implicated a violation of public policy and, in fact, is supported by affidavits in the record from Durst, as well as George Wood, the General Secretary of the General Council of the Assemblies of God.

Significantly, the parties further stipulated that, as a District affiliated assembly, Bethel "at all relevant times, pursuant to the Constitution and By-Laws of the General Council of the Assemblies of God and the New York District of the Assemblies of God, . . . is and was under the *direct administrative control* of the New York District" (emphasis added). By acknowledging that they are subject to the direct administrative control of the District, defendants are essentially conceding a dispositive issue. As set forth by Durst and Wood, the District bylaws provided authorization for the action taken here with respect to a District affiliated church. The bylaws stated that the District officiary would be represented on the board of trustees of a District affiliated church and the degree of supervision of that church rested within the discretion of the District officiary. The District officiary was the executive presbytery, which authorized and took the disputed action based in part on the determination that Bethel lacked a valid membership roster and had inadequate records to determine the election or terms of the local trustees.

Defendants contend that, notwithstanding their admission that Bethel was under the direct administrative control of the District, plaintiffs' action ran afoul of Religious Corporations Law article 20. This contention was included in the stipulation as the primary disputed legal issue to be addressed by Supreme Court. Initially, we note that, the issue of the District's administrative control of Bethel within the church hierarchical structure having been conceded, attempts to diminish that control on the basis of a state statute implicate a potential constitutional issue (*see Kedroff v Saint Nicholas Cathedral of Russian Orthodox Church in North America*, 344 US 94, 120-121 [1952]; *see also Hosanna-Tabor Evangelical Lutheran Church and School v E.E.O.C.*, 565 US —, —, 132 S Ct 694, 704-705 [2012]). In any event, the statutes do not compel the conclusion urged by defendants. Religious Corporations Law §§ 432, 433 and 434 clearly establish significant autonomy in local Assembly of God churches. These sections do not specifically address the distinction within the denomination between General Council affiliated churches and District affiliated churches. However, Religious Corporations Law § 426 (1) mandates that local churches are also subject to the constitution and bylaws of the General Council and District. It is undisputed that those governing documents set forth the separate status of General Council affiliated and District affiliated churches and provide that a District affiliated church does not have the same level of autonomy as a General Council affiliated church. Reading the statutes together, section 426 serves as a limitation for District

affiliated churches—such as Bethe—on the broad autonomy otherwise granted in Religious Corporations Law §§ 432, 433 and 434.* Hence, we are unpersuaded that Religious Corporations Law article 20 proscribes the action taken by plaintiffs.

We emphasize that this is a narrow decision that is circumscribed by the parties' stipulation to have the case decided upon submitted papers and agreed facts. Based upon such proof, plaintiffs have established that they were entitled to act as the board of trustees for Bethel.

Peters, J.P., Kavanagh, Stein and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and plaintiffs are granted possession and control of the real and personal property of the Bethel Assembly of God, Massena.

---

* The key language of Religious Corporations Law § 434 regarding autonomy is virtually mirrored in the bylaws of the General Council, except that those bylaws (art VI, § 4 [a]) make clear that such autonomy is applicable to General Council affiliated churches. Hence, reading section 434 together with such bylaws (which Bethel accepted as required by Religious Corporations Law § 426) reflects that District affiliated churches are not granted broad autonomy.