Garry, J.
*1404 In November 2010, the mother commenced the instant proceeding by filing a modification petition seeking sole custody of the child. Following preliminary appearances, the mother withdrew this petition on the day that trial was scheduled to begin. The father thereafter sought an order directing the mother to reimburse his counsel fees incurred in defending the petition. Family Court directed a hearing relative to the reasonableness of the claim. The mother conceded that the amount claimed was appropriate based upon time expended and the rate charged, but otherwise contested the application. Family Court rendered a fee award. The mother appeals, and we affirm.
Stipulations made in open court by parties represented by counsel will not be disturbed “absent a showing of good cause such as fraud, collusion, mistake or duress; or unless the agreement is unconscionable or contrary to public policy; or unless it suggests an ambiguity indicating that the words [do] not fully and accurately represent the parties’ agreement” (McCoy v Feinman, 99 NY2d 295, 302 [2002] [citations omitted]; see Matter of Monaco v Armer, 93 AD3d 1089, 1089-1090 [2012], lv denied 19 NY3d 807 [2012]). Counsel fees are generally regarded as incidents of litigation, with each party remaining responsible for his or her own fees, but an award of legal fees may be rendered where such is authorized by statute, court rule or, as relevant here, an agreement made by the parties (see Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986]; Matter of Ernestine R., 61 AD3d 874, 876 [2009]).
The subject stipulation was formally made in open court, with the assistance of counsel, and incorporated into a court order. No grounds are shown to vacate the parties’ clearly expressed agreement. We note that “parties to a civil dispute are free to chart their own litigation course and, in so doing, they may *1405 stipulate away statutory, and even constitutional rights” (Matter of Mallinckrodt Med. v Assessor of Town of Argyle, 292 AD2d 721, 722 [2002] [internal quotation marks and citations omitted]; accord Durst v Grant, 92 AD3d 1195, 1196 [2012], lv denied 19 NY3d 810 [2012]). Accordingly, as the parties “may fashion the basis upon which a particular controversy will be resolved” (Cullen v Naples, 31 NY2d 818, 820 [1972]; accord Mitchell v New York Hosp., 61 NY2d 208, 214 [1984]), we find that by her stipulation the mother effectively waived the requirement that her conduct be found frivolous prior to holding her responsible for the father’s counsel fees, as well as any pertinent constitutional protection under both the NY and US Constitutions (see 22 NYCRR 130-1.1; Matter of Mallinckrodt Med. v Assessor of Town of Argyle, 292 AD2d at 722).
Mercure, J.P., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, without costs.