■ ALICIA ASTUDILLO et al., Appellants, v MV TRANSPORTATION, INC., et al., Defendants. [25 NYS3d 289]—

In an action to recover damages for personal injuries, the plaintiffs appeal, by permission, from an order of the Supreme Court, Queens County (Flug, J.), entered April 8, 2014, which declined to accept a settlement between the plaintiff Alicia Astudillo and the defendants MV Transportation, Inc., New York City Transit Authority, and Walkins Ferdinand, and declined to permit the action to proceed to a trial on the claims asserted by the plaintiff Nancy Linares only.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

In this personal injury action stemming from a motor vehicle accident, the plaintiff Alicia Astudillo and the defendants MV Transportation, Inc., New York City Transit Authority, and Walkins Ferdinand reached a settlement with regard to Astudillo's claims. Astudillo also withdrew her claims against the defendants Gowkarran Lallbachan and Asiq Rashid. The parties appeared before the Supreme Court, advising it of their intention to settle the action as to Astudillo, and to proceed to a trial on the claims asserted by the plaintiff Nancy Linares only. The court declined to accept the settlement, and to permit the action to proceed to a trial on the claims asserted by the plaintiff Nancy Linares only. The plaintiffs appeal.

" '[P]arties to a civil dispute are free to chart their own litigation course and, in so doing, they may stipulate away statutory, and even constitutional rights' " (*Matter of Kaczor v Kaczor*, 101 AD3d 1403, 1404-1405 [2012], quoting *Matter of Mallinckrodt Med. v Assessor of Town of Argyle*, 292 AD2d 721, 722 [2002]). The subject stipulation of settlement was made after negotiations among counsel for the respective parties, and the litigants agreed to its terms. In consenting to the stipulation, these parties fashioned the basis upon which their particular controversy would be resolved by providing for the

termination of the action with respect to Astudillo and the continuation of the action with respect to Linares (*see Mitchell v New York Hosp.*, 61 NY2d 208, 214 [1984]; *Cullen v Naples*, 31 NY2d 818, 820 [1972]; *Matter of Kaczor v Kaczor*, 101 AD3d 1403, 1404-1405 [2012]). Contrary to the Supreme Court's observations, the proposed settlement raised no issues regarding law of the case or a conflict of interest. Under the circumstances, the court erred in rejecting the stipulation, and we remit the matter to the Supreme Court, Queens County, so that it may accept the stipulation and permit the claims of Linares to proceed to trial. Mastro, J.P., Leventhal, Cohen and LaSalle, JJ., concur.