■ ROY LANTIGUA, Appellant, v JEFFREY GOLDSTEIN, M.D., et al., Respondents, et al., Defendants. [53 NYS3d 163]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated October 2, 2014, as denied those branches of his motion which were pursuant to CPLR 3126 to strike the answer of the defendants Jeffrey Goldstein and Seaport Orthopaedic Associates, P.C., pursuant to CPLR 3103 (c) to suppress the transcript of his deposition conducted on February 4, 2014, and, in effect, to preclude those defendants from offering as evidence at trial the printouts of Facebook pages which were marked as defendant's exhibit A at the plaintiff's deposition conducted on February 4, 2014, unless those defendants produced the person who obtained those printouts for a deposition.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiff's motion which was, in effect, to preclude the defendants Jeffrey Goldstein and Seaport Orthopaedic Associates, P.C., from offering as evidence at trial the printouts of Facebook pages which were marked as defend-

ant's exhibit A at the plaintiff's deposition conducted on February 4, 2014, unless those defendants produced the person who obtained those printouts for a deposition, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This appeal arises from a discovery dispute in a medical malpractice action that was commenced in 2004. After the plaintiff had been deposed three times, a note of issue and certificate of readiness were filed on July 25, 2013. Thereafter, the defendant Jeffrey Goldstein moved to vacate the note of issue and certificate of readiness or, alternatively, for permission to conduct an additional deposition of the plaintiff, on the ground that Goldstein was in receipt of "newly discovered evidence." By order dated November 15, 2013, entered upon the plaintiff's consent, the Supreme Court adjourned the motion and directed that the plaintiff appear for a further deposition.

On February 4, 2014, the plaintiff was deposed pursuant to the consent order by Goldstein and the defendant Seaport Orthopedic Associates, P.C. (hereinafter together the Goldstein defendants). At that deposition, he was confronted with the alleged newly discovered evidence, which consisted of printouts of 13 pages that allegedly were from his Facebook account (hereinafter the printouts). The printouts contained, inter alia, statements from 2010 wherein the plaintiff allegedly talked about going out to a bar, having a great workout, and crossing the Williamsburg Bridge three times. The plaintiff acknowledged that he used a Facebook account in 2010, but denied that the printouts were from his Facebook account and denied that he made the statements.

On February 12, 2014, the plaintiff made a discovery request for information about the individual who obtained the printouts, and sought to depose that person as a witness. Thereafter, he moved, inter alia, pursuant to CPLR 3126 to strike the Goldstein defendants' answer and to suppress the transcript of his deposition conducted on February 4, 2014. Among other things, the plaintiff argued that the Goldstein defendants willfully failed to disclose the printouts and failed to comply with discovery deadlines, and that they should be precluded from offering at trial all evidence that was improperly withheld.

By order dated October 2, 2014, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.

As a general matter, the parties to a civil dispute are free to chart their own litigation course, and they may fashion the basis upon which a particular controversy will be resolved. In

doing so, they may stipulate away statutory and even constitutional rights (*see Mitchell v New York Hosp.*, 61 NY2d 208, 214 [1984]; *Cullen v Naples*, 31 NY2d 818 [1972]; *Astudillo v MV Transp., Inc.*, 136 AD3d 721, 721 [2016]; *Quilty v Cormier*, 115 AD3d 1229, 1230 [2014]; *Durst v Grant*, 92 AD3d 1195, 1196 [2012]). Here, since the plaintiff consented to a fourth deposition, he may not now complain about procedural defects in the Goldstein defendants' request for the deposition (*see generally Astudillo v MV Transp., Inc.*, 136 AD3d at 721; *Herman v Siegmund*, 69 AD2d 871, 872 [1979]; cf. *Matter of Dashawn R.*, 114 AD3d 686, 686 [2014]; *Wells Fargo Bank Minn., N.A. v Dorestant*, 36 AD3d 692, 693 [2007]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to CPLR 3103 (c) to suppress the transcript of his February 4, 2014, deposition.

Further, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was pursuant to CPLR 3126 to strike the Goldstein defendants' answer. The drastic remedy of striking an answer is inappropriate absent a clear showing that a defendant's failure to comply with discovery demands is willful and contumacious (*see Zubaidi v Hasbani*, 136 AD3d 708 [2016]; *JPMorgan Chase Bank, N.A. v New York State Dept. of Motor Vehs.*, 119 AD3d 903 [2014]). Under the circumstances, the plaintiff did not make a clear showing that the Goldstein defendants' failure to timely comply with certain discovery demands was willful and contumacious such that the drastic remedy of striking their answer was warranted (*see Dutchess Truck Repair, Inc. v Boyce*, 120 AD3d 543, 543 [2014]).

However, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was to preclude the defendants from offering the printouts as evidence at trial unless the defendants produced the person who obtained the printouts for a deposition, because the plaintiff denied that the printouts were from his Facebook account, and he had no other means to prove or disprove their authenticity. Hall, J.P., Sgroi, Maltese and Duffy, JJ., concur.