Harry J. DeMott III (1996), Irrevocable Trust v Young (2025 NY Slip Op 51852(U))

[*1]

Harry J. DeMott III (1996), Irrevocable Trust v Young

2025 NY Slip Op 51852(U)

Decided on November 24, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 24, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

570999/25

Harry J. DeMott III (1996), Irrevocable Trust, Petitioner-Landlord-Respondent, 
against
Ndolu Ndima Young, Respondent-Undertenant-Appellant.

Respondent Ndolu Ndima Young appeals from a final judgment of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered March 24, 2025, upon a summary determination pursuant to CPLR § 409 (b), awarding possession to petitioner-landlord in a holdover summary proceeding.

Per Curiam.
Final judgment (Jack Stoller, J.), entered March 24, 2025, affirmed, with $25 costs.
In affirming the rejection of respondent's succession claim, we note the undisputed record evidence establishing that respondent Ndolu Ndima Young did not reside in the apartment with his mother, the tenant of record, during the requisite two-year period required for succession (see Rent Stabilization Code [9 NYCRR] § 2523.5 [b] [1]). Respondent's bill of particulars indicates that he moved into the apartment with his mother in October 2019; and the stipulation entered into by petitioner, tenant and respondent concedes that his mother did not primarily reside in the apartment after September 2020, although she permanently vacated in June 2022. As Civil Court held, the time that respondent resided with his mother in the apartment "would be October of 2019 through September of 2020, which would be insufficient to establish succession."
Respondent did not appeal from the January 29, 2025 order directing a summary disposition of this matter pursuant to CPLR 409 (b). In any event, in view of the bill of particulars and stipulated facts, Civil Court properly made a summary determination on the pleadings and papers submitted as if a motion for summary judgment were before it (see CPLR 409 [b]; Matter of Chicago Tit. Ins. Co. v Pascale, 31 AD3d 635 [2006]), and respondent's additional submissions did not raise any issue of fact.
Finally, respondent should not be heard to complain that his succession claim was adjudicated herein, since this was the procedure employed by the parties by their stipulations. "[P]arties to a civil dispute are free to chart their own litigation course" (Mitchell v New York Hosp., 61 NY2d 208, 214 [1984]), and "may fashion the basis upon which a particular controversy will be resolved" (Cullen v Naples, 31 NY2d 818, 820 [1972]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 24, 2025