■ RICHARD CORVETTI et al., Appellants, v TOWN OF LAKE PLEASANT et al., Respondents. [642 NYS2d 420] —White, J. Appeal from an order of the Supreme Court (Best, J.), entered May 4, 1995 in Hamilton County, which, *inter alia*, granted defendants' cross motion to dismiss the complaint for failure to state a cause of action.

Sometime prior to August 20, 1992, plaintiffs had commenced several RPTL article 7 proceedings challenging the tax assessments placed upon two parcels of property they owned in the Town of Lake Pleasant, Hamilton County. On the aforementioned date, plaintiffs initiated an action, pursuant to 42 USC § 1983, in the United States District Court for the Northern District of New York, predicated upon the allegation that they had been subjected to a pattern of retaliatory and discriminatory conduct by defendants that had resulted in their proper-

ties being greatly overassessed. Approximately one year later, orders emanating from Supreme Court were entered reducing the assessments for the 1985, 1986 and 1990 tax years.* At the same time, the Federal court action was dismissed on the ground that it was barred by the principle of comity (see, *Corvetti v Town of Lake Pleasant*, US Dist Ct, ND NY, Aug. 12, 1993, Scullin, Jr., J.). Within six months, plaintiffs commenced this action alleging violations of the Federal and State Constitutions. Following service of defendants' answer, plaintiffs moved for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). Defendants responded by cross-moving for an order dismissing the complaint on numerous grounds. Supreme Court denied plaintiffs' motion and granted defendants' cross motion to dismiss the complaint for failure to state a cause of action. Plaintiffs appeal.

We affirm Supreme Court's denial of plaintiffs' motion as they failed to demonstrate a reasonable excuse for their delay of almost three years in seeking leave to file a late notice (see, *Levette v Triborough Bridge & Tunnel Auth.*, 207 AD2d 330, 331). This affirmance is not dispositive of the appeal, however, as it does not foreclose that portion of plaintiffs' 42 USC § 1983 action predicated upon alleged violations of the Federal Constitution (see, *Matter of Zurat v Town of Stockport*, 142 AD2d 1, 4). Thus, we shall proceed to examine defendants' cross motion.

We begin by reiterating the principles governing a CPLR 3211 (a) (7) motion. In deciding this type of motion, the pleading is to be afforded a liberal construction, its allegations are accepted as true, plaintiffs are accorded the benefit of every possible favorable inference and we determine only whether the facts as alleged fit within any cognizable legal theory (see, *Leon v Martinez*, 84 NY2d 83, 87-88).

Here, plaintiffs allege that when they purchased the subject properties in 1984, it was defendants' official policy to assess property pursuant to a "welcome neighbor" policy and that in 1985 and 1986 defendants arbitrarily and illegally assessed their properties in accordance with this policy. In 1988, it is alleged the assessments were increased in retaliation for plaintiffs' pursuit of legal redress. In 1990, despite the recommendation of defendants' independent consultant that the assessments should be reduced, defendants increased them.

---

* We modified Supreme Court's orders by further reducing the assessments for certain tax years and granting plaintiffs an allowance of $2,500 pursuant to RPTL 722 (2) (see, *Matter of Corvetti v Board of Assessors*, 210 AD2d 667, 669, *lv denied* 85 NY2d 802).

Lastly, in 1992 defendants did not reduce the assessments even though their own appraisal indicated that they should be lowered.

Measured by the governing principles, we find that these allegations fall within the ambit of *423 S. Salina St. v City of Syracuse* (68 NY2d 474, *appeal dismissed, cert denied* 481 US 1008), wherein a cause of action under 42 USC § 1983 was sustained where the gravamen of the complaint was that the plaintiff had been the victim of " 'an aggravated pattern of misuse of the taxing power' " (*supra*, at 484, quoting *Grant Co. v Srogi*, 52 NY2d 496, 518). Thus, we find that the complaint adequately alleges a 42 USC § 1983 due process claim.

We reach the same conclusion with regard to plaintiffs' 42 USC § 1983 equal protection claim since their allegation that "it was the official policy of [defendants] to assess property pursuant to a 'welcome neighbor' policy of arbitrarily increasing the assessments of new residents of the town" brings this case within the holding of *Allegheny Pittsburgh Coal v Webster County* (488 US 336, 346; *see, e.g., Matter of Krugman v Board of Assessors*, 141 AD2d 175, 183-184).

Defendants next maintain that, inasmuch as this action rests upon the same facts as underlie the judgments in the RPTL article 7 proceedings, it is barred by res judicata. Under the transactional approach to res judicata, future litigation between the same parties on a cause of action arising out of the same transaction or series of transactions as a cause of action that was raised or could have been raised in a prior proceeding is barred (*see, Matter of Hodes v Axelrod*, 70 NY2d 364, 372-373; *Matter of Joy Co. v Hudacs*, 199 AD2d 858, 859). This rule gives way where, in the first action, the plaintiff was precluded from obtaining full relief by formal jurisdictional or statutory barriers (*see, Burgos v Hopkins*, 14 F3d 787, 790). In this instance, plaintiffs could not obtain compensatory damages within the context of an RPTL article 7 proceeding since relief therein is limited by statute to a reduction in assessments plus costs and allowances (*see*, RPTL 720 [1]; 722; *see also*, 98 NY Jur 2d, Taxation and Assessment, § 437, at 536). Accordingly, we find that this action is not barred by res judicata.

We also reject defendants' election of remedies defense since a cause of action based on 42 USC § 1983 is separate and distinct from one predicated upon RPTL article 7 (*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3002:4, at 587-588).

While the parties agree that the 42 USC § 1983 cause of action is governed by a three-year Statute of Limitations,

plaintiffs challenge defendants' assertion that any claims for damages occurring prior to August 20, 1989 are time barred. Under Federal law, which governs the accrual of claims brought under 42 USC § 1983, courts have applied the continuing violation theory when a plaintiff experiences a continuous series of discriminatory acts (*see, Cornwell v Robinson*, 23 F3d 694, 703-704). When this theory is applicable, a plaintiff may maintain an action on all claims even though some may have occurred outside the Statute of Limitations period if subsequent identifiable acts of discrimination occurred within the period of limitations and were related to the time-barred incidents (*see, Hull v Cuyahoga Val. Joint Vocational School Dist. Bd. of Educ.*, 926 F2d 505, 510-511, *cert denied sub nom. Hull v Shuck*, 501 US 1261). In our view, this theory is applicable in this case as this action was commenced within three years of the last discriminatory act that was clearly related to those discriminatory acts that occurred prior to August 20, 1989. Hence, none of plaintiffs' claims are barred by the Statute of Limitations.

Defendants' defense that plaintiffs have adequate State post-deprivation remedies, i.e., an RPTL article 7 proceeding or a CPLR article 78 proceeding, lacks substance because such defense applies only where the deprivation is random and unauthorized and not, as here, where it is a product of governmental policy (*see, Kraebel v New York City Dept. of Hous. Preservation & Dev.*, 959 F2d 395, 404, *cert denied* 506 US 917; *Butler v Castro*, 896 F2d 698, 700).

For these reasons, Supreme Court erred in granting defendants' motion to dismiss the complaint.

Cardona, P. J., Crew III, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' cross motion to dismiss the complaint; cross motion denied; and, as so modified, affirmed.