OPINION OF THE COURT
William H. Keniry, J.
Shortly after her husband committed suicide in 1994, plaintiff received individual counseling and participated in support group counseling sessions offered by defendant for a one-year period. Defendant, a community-supported not-for- *999 profit corporation, did not charge a fee for its services. The counseling that plaintiff received was provided by staff counselors and trained volunteers, who were denominated "facilitators”. The facilitators took notes and memorialized the substance of the counseling sessions. Plaintiff and several other participants became concerned with the note taking. In 1995 plaintiff demanded that defendant provide her with a copy of any records in its possession concerning plaintiff. Plaintiff was allowed to informally review such records after they had been redacted. Defendant, however, refused to provide a copy of the records to plaintiff or her attorney. Plaintiff commenced this action seeking judgment, inter alia, compelling defendant to release a copy of the records to her and awarding her incidental money damages. Plaintiff contends that defendant is required to produce the records under either section 33.16 of the Mental Hygiene Law or section 17 or 18 of the Public Health Law or "by analogy” thereto.
Defendant moves, pursuant to CPLR 3211 (a) (7), for an order dismissing plaintiff’s complaint alleging that it fails to state a legally cognizable cause of action.
The pertinent principles which the court must apply in deciding a CPLR 3211 (a) (7) motion seeking the dismissal of an action before issue is joined are (1) that the pleading under challenge be afforded a liberal construction; (2) that its allegations be accepted as true; (3) that the plaintiff be accorded the benefit of every favorable inference; and (4) that the only determination to be made is whether or not the facts as alleged fit within any cognizable legal theory (Leon v Martinez, 84 NY2d 83, 87-88; Corvetti v Town of Lake Pleasant, 227 AD2d 821). Dismissal of a complaint is warranted only if the evidence submitted conclusively establishes a defense to the asserted claims as a matter of law (supra).
The court has reviewed the cited sections of the Mental Hygiene Law and the Public Health Law and finds that, inasmuch as defendant does not qualify as a "facility” or a "hospital” or a "health care practitioner” under the cited statutes, plaintiff’s complaint fails as a matter of law and must be dismissed.
Article 33 of the Mental Hygiene Law is entitled "Rights of Patients”. Section 33.16, which plaintiff claims applies, is titled "Access to clinical records” and it details a comprehensive procedure under which a qualified person, which includes a patient or client, may obtain access to his or her clinical records. Sec *1000 tion 33.16 applies to a "facility” which is defined in section 1.03 (6) of the Mental Hygiene Law as: "any place in which services for the mentally disabled are provided and includes but is not limited to a psychiatric center, developmental center, institute, clinic, ward, institution, or building, except that in the case of a hospital as defined in article twenty-eight of the public health law it shall mean only a ward, wing, unit, or part thereof which is operated for the purpose of providing services for the mentally disabled. It shall not include a place where the services rendered consist solely of non-residential services for the mentally disabled which are exempt from the requirement for an operating certificate under article sixteen or thirty-one of this chapter, nor shall it include domestic care and comfort to a person in the home.”
Defendant is clearly not a "facility” under that definition and thus the mandates of Mental Hygiene Law § 33.16 cannot be applied by the court to compel the release of any records made by defendant during the course of the counseling sessions in which plaintiff participated.
Sections 17 and 18 of the Public Health Law pertain to the release of patient records and patient information. Section 17 applies to physicians and hospitals. Section 18 applies to health care facilities, meaning hospitals, a hospice, a health maintenance organization and a shared health facility (Public Health Law § 18 [1] [c]) and to health care practitioners, such as doctors, physician’s assistants, chiropractors, dentists, physical therapists, nurses, podiatrists, optometrists and opticians, psychologists, certified social workers, occupational therapists and speech pathologists (Public Health Law § 18 [1] [d]).
Defendant is not a health care facility and none of its staff nor volunteers are health care practitioners. Neither section 17 nor 18 of the Public Health Law is applicable and plaintiff is therefore not entitled to relief thereunder.
Finally, the court does not have the authority to apply "by analogy” section 33.16 of the Mental Hygiene Law or sections 17 and 18 of the Public Health Law thereby creating a statutory right of action which does not exist at common law. If plaintiff perceives that a wrong has been committed by the defendant’s refusal to release a copy of its records, her recourse lies in convincing the Legislature to pass and the Governor to sign a law which covers the situation.
The court notes that plaintiff’s participation- in the counseling programs offered by defendant was a voluntary act and that she specifically acknowledged, when she signed a partici *1001 pation form, that defendant was a "support center”, and did not offer therapy, and that she therein consented that the counseling sessions which she attended could be recorded for training, teaching and research purposes.
Defendant’s motion is granted and plaintiff’s complaint is dismissed, all without costs.