■ ALAN E. ABBOTT, Appellant, v TOWN OF DELAWARE et al., Respondents, et al., Defendant. [656 NYS2d 563] —Carpinello, J. Appeal from an order of the Supreme Court (Bradley, J.), entered February 14, 1996 in Sullivan County, which granted a motion by certain defendants to dismiss the complaint for failure to state a cause of action.

On November 14, 1994, plaintiff commenced an action

against defendants in the US District Court for the Southern District of New York pursuant to 42 USC § 1983 based upon allegations that he had been subjected to a pattern of retaliatory and discriminatory conduct resulting in his property in the Town of Delaware, Sullivan County, being greatly overassessed. After the Federal complaint was dismissed without prejudice in March 1995, plaintiff commenced this action in June 1995 again alleging that defendants illegally overvalued his property and violated his constitutional rights under 42 USC § 1983. In addition to seeking a declaration that prior assessments of his property were illegal and discriminatory, plaintiff seeks a refund of all moneys paid by him as a result of the overassessments, as well as punitive and compensatory damages. All defendants, except defendant Finnegan Associates, moved to dismiss the complaint pursuant to CPLR 3211 for failure to state a cause of action. The moving defendants also asserted that the complaint was time barred. Supreme Court granted the motion and dismissed the complaint pursuant to CPLR 3211 (a) (7), prompting this appeal.

The specific allegations against defendants can be summarized as follows: (1) in 1987 defendants Donald Meckle (a Town Assessor) and Richard Ferber (the Town Supervisor) made false statements to plaintiff concerning the assessment of his property and knowingly overassessed it resulting in overpayments in 1988, 1989 and 1990, (2) in January 1991 defendant Town of Delaware, after a Town-wide assessment, notified plaintiff that his property was being assessed at $171,000, (3) in April 1991, after plaintiff raised objections about this increased assessment to Finnegan, Meckle and Ferber, the Town raised the assessment to $191,600, (4) in May 1991 the Town's Board of Assessment Review denied plaintiff's request for a reassessment, and (5) in July 1991 the Town filed its final assessment roll representing the assessed value of plaintiff's property to be $191,600. In October 1991 and September 1992, plaintiff's assessment was reduced in small claims assessment review hearings to $148,300 and $127,500, respectively.

A cause of action pursuant to 42 USC § 1983 is governed by a three-year Statute of Limitations (*see, Corvetti v Town of Lake Pleasant*, 227 AD2d 821, 824; *see also, Owens v Okure*, 488 US 235, 249-250). If, however, a plaintiff experiences "a continuous series of discriminatory acts" (*id.*, at 422; *see, Cornwell v Robinson*, 23 F3d 694, 704), a cause of action on all claims is viable even if certain claims "may have occurred outside the Statute of Limitations period *if* subsequent identifiable acts of discrimination occurred *within* the period of limi-

tations and were related to the time-barred incidents" (*Corvetti v Town of Lake Pleasant, supra*, at 824 [emphasis supplied]). For example, in *Corvetti v Town of Lake Pleasant* (*supra*), the plaintiffs commenced a 42 USC § 1983 action against the defendants alleging retaliatory and discriminatory acts which resulted in the overassessment of their properties. This Court determined that the defendants' last discriminatory act occurred in 1992 (*id.*, at 824). Because the plaintiffs' complaint was commenced within three years of the 1992 discriminatory act and said act "clearly related to those discriminatory acts that occurred [outside the Statute of Limitations period]" (*id.*, at 824), none of the plaintiffs' claims was time barred (*see, id.*).

Upon our review of the complaint in this case, we are compelled to conclude that the last instance of any alleged discriminatory conduct on the part of defendants was in July 1991 when the final assessment roll was filed. Plaintiff has failed to allege any discriminatory or retaliatory acts on the part of any defendant after this time. Notably, plaintiff successfully obtained reductions in his assessments in 1991 and 1992. Even though plaintiff commenced this action within six months of the dismissal of his Federal action (*see*, CPLR 205 [a]), the Federal action, commenced in November 1994, was itself untimely (*see, 423 S. Salina St. v City of Syracuse*, 68 NY2d 474, 486, *appeal dismissed, cert denied* 481 US 1008). Accordingly, we find that plaintiff's complaint is barred by the Statute of Limitations.

Even if we were to address the merits of plaintiff's complaint, it fails to state a cause of action. When a taxpayer demonstrates that he or she has been the victim of " 'an aggravated pattern of misuse of the taxing power' " (*id.*, at 484, quoting *Grant Co. v Srogi*, 52 NY2d 496, 518), a 42 USC § 1983 due process claim has been stated (*see, Corvetti v Town of Lake Pleasant, supra*, at 824). Accepting all of plaintiff's allegations as true, they do not fit within the ambit of a 42 USC § 1983 due process claim because plaintiff has failed to allege an aggravated *pattern* of misuse of the taxing power by defendants (*cf., Corvetti v Town of Lake Pleasant, supra*). We reach the same conclusion with regard to plaintiff's 42 USC § 1983 equal protection cause of action in that plaintiff has failed to allege that defendants selectively reassessed his property (*cf., id.; see, e.g., Matter of Towne House Vil. Condominium v Assessor of Town of Islip*, 200 AD2d 749, 750, *lv denied* 84 NY2d 802; *Matter of Krugman v Board of Assessors*, 141 AD2d 175, 177).

Cardona, P. J., Mercure, Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.