■ TILLES INVESTMENT Co. et al., Respondents, v THOMAS S. GULOTTA, as Nassau County Executive, et al., Appellants, et al., Defendant. [733 NYS2d 438] —In an action, *inter alia,* for a judgment declaring that RPTL article 18 violates the Equal Protection Clauses of the United States Constitution and the New York State Constitution, NY Constitution, article XVI, § 2, Nassau County Charter § 603, and RPTL 305 (2), the defendants Thomas S. Gulotta, Charles J. O'Shea, Brian

Meyer, Charles R. Artale, Richard A. Bianculli, Michael C. Pulitzer, County of Nassau, and the State of New York appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), entered April 10, 2000, as denied their respective motions to dismiss the complaint insofar as asserted against them for failure to state a cause of action.

Ordered that the order is reversed insofar as appealed from, the motions are granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiffs failed to state a claim that RPTL article 18 violates the Equal Protection Clauses of the United States Constitution and the New York State Constitution, NY Constitution, article XVI, § 2, Nassau County Charter § 603, and RPTL 305 (2); and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

In July 1999, numerous commercial property owners in Nassau County commenced this action, *inter alia*, for a judgment declaring that RPTL article 18, on its face and as applied in Nassau County, violates the Equal Protection Clauses of the United States Constitution and New York State Constitution. (US Const, 14th Amend; NY Const, art I, § 11); NY Constitution, article XVI, § 2, which requires the State Legislature to provide for "the supervision, review and equalization of assessments," Nassau County Charter § 603, which requires "an equitable and scientific system of assessing property," and RPTL 305 (2), which requires that "[a]ll real property in each assessing unit shall be assessed at a uniform percentage of value." The gravamen of the complaint is that commercial property owners in Nassau County who are subject to RPTL article 18 are taxed more heavily than commercial property owners in other counties in New York State, residential property owners in Nassau County, and commercial property owners in those cities and villages in Nassau County that are not subject to RPTL article 18.

It is well settled that where, as here, the challenged legislation does not involve a suspect class or interfere with the exercise of a fundamental right, the scope of judicial review is limited to whether the statutory classification is rationally related to a legitimate government objective (*see, Heller v Doe,* 509 US 312, 319-320; *Nordlinger v Hahn,* 505 US 1, 11; *Maresca v Cuomo,* 64 NY2d 242, 250). The rational basis test, which is often characterized as "a paradigm of judicial restraint," is not a license for the courts to judge "the wisdom,

fairness, or logic of legislative choices" (*Federal Communications Commn. v Beach Communications,* 508 US 307, 313-314). Nor does it authorize "the judiciary [to] sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines" (*City of New Orleans v Dukes,* 427 US 297, 303). Moreover, the legislature is not required to "actually articulate at any time the purpose or rationale supporting its classification" (*Nordlinger v Hahn, supra,* at 15). Instead, a classification "must be upheld against [an] equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification" (*Federal Communications Commn. v Beach Communications, supra,* at 313).

The rational basis standard of review is especially deferential in the context of classifications created by complex tax laws (*see, Nordlinger v Hahn, supra,* at 11; *Port Jefferson Health Care Facility v Wing,* 94 NY2d 284, 289, *cert denied* 530 US 1276). Thus, in reviewing the validity of taxation classifications, "the equal protection clause does not prevent State Legislatures from drawing lines that treat one class of individuals or entities differently from others unless the difference in treatment is 'palpably arbitrary' or amounts to an 'invidious discrimination' " (*Trump v Chu,* 65 NY2d 20, 25, citing, *inter alia, Lehnhausen v Lake Shore Auto Parts Co.,* 410 US 356, 360).

Applying these standards to the present case, the plaintiffs' first and second causes of action fail to state a valid equal protection claim. The State Legislature had a rational basis for classifying Nassau County and New York City as special assessing units (*see,* Mem of Senate Rules Comm, L 1981, ch 1057, NY Legis Ann, at 546-547). Moreover, that classification has been upheld by the Court of Appeals (*see, Matter of Colt Indus. v Finance Adm'r of City of N. Y.,* 54 NY2d 533, 544-545). In addition, the "creation of different classes for purposes of taxation is permissible as long as the classification is reasonable and the taxes imposed are uniform within the class" (*Foss v City of Rochester,* 65 NY2d 247, 256). Contrary to the plaintiffs' contention, Nassau County treats similarly-situated taxpayers uniformly for the purpose of imposing county taxes (*see, Matter of Chasalow v Board of Assessors,* 202 AD2d 499; *Matter of Board of Mgrs. v Board of Assessors,* 197 AD2d 620; *Matter of Treichler v Niagara-Wheatfield Cent. School Dist.,* 184 AD2d 1).

Similarly, the plaintiffs failed to state a cognizable claim

that the current tax assessment system in Nassau County violates NY Constitution, article XVI, § 2 (third cause of action), Nassau County Charter § 603 (fourth cause of action), and RPTL 305 (2) (fifth cause of action). Since this is a declaratory judgment action, the matter is remitted to the Supreme Court, Nassau County, for the entry of a declaration in favor of the defendants (*see, Lanza v Wagner,* 11 NY2d 317, 334, appeal dismissed 371 US 74, *cert denied* 371 US 901). O'Brien, J. P., Luciano, Schmidt and Adams, JJ., concur.