■ In the Matter of MALLINCKRODT MEDICAL, INC., Appellant, v ASSESSOR OF THE TOWN OF ARGYLE et al., Respondents. [740 NYS2d 467] —Mugglin, J. Appeal from a judgment of the Supreme Court (Moynihan, Jr., J.), entered January 5, 2001 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to RPTL article 7, to reduce a real property tax assessment on certain real property owned by petitioner.

In 1998, petitioner and respondent Assessor of the Town of Argyle (hereinafter respondent) stipulated a settlement of a proceeding brought to review the assessed value of petitioner's property and agreed that its valuation was $2,300,000. The stipulation was reduced to an order signed by Supreme Court

(Dier, J.) and entered. Two years later, as a result of difficult economic times, petitioner sought to auction its property subject to a minimum bid of $400,000. After no bids were received, petitioner sought a reduction in its tax assessment to $240,000, claiming overvaluation. Supreme Court granted respondent's motion to dismiss, finding the proceeding barred by RPTL 727, which precludes a challenge to an adjudicated tax assessment for a period of three years. This appeal ensued.

In apparent recognition that the statute bars the proceeding, petitioner asserts that it did not waive any constitutional protection and that, under the circumstances present herein, the statute is unconstitutional as applied to it and violations of substantive due process and equal protection of the laws exist.

We start our analysis by recognizing that it is well settled that "parties to a civil dispute are free to chart their own litigation course" (*Mitchell v New York Hosp.*, 61 NY2d 208, 214; *see, General Motors Acceptance Corp. v Gegzno*, 225 AD2d 828, 829, *appeal dismissed* 88 NY2d 1017) and, in so doing, " 'they may stipulate away statutory, and even constitutional rights' " (*Mitchell v New York Hosp., supra* at 214, quoting *Matter of New York, Lackawanna & W. R.R. Co.*, 98 NY 447, 453). Here, the stipulation of settlement provides that "[t]he parties acknowledge the provisions of RPTL § 727 and agree to be bound by the provisions contained therein." As a result, by executing the stipulation, petitioner waived any constitutional protection afforded under either the NY or US Constitutions. A contrary holding would nullify the salutary purpose of precluding challenges to adjudicated tax assessments by both the assessing unit and the taxpayer for a period of three years (*see, Matter of Owens Corning v Board of Assessors of Town of Bethlehem*, 279 AD2d 118, 120-121; *Matter of Rosen v Assessor of City of Troy*, 261 AD2d 9, 11-27).

Were we to reach the merits of petitioner's constitutional arguments, we would find each to be lacking. Petitioner's argument that the statute is unconstitutional as applied to it is based on petitioner's claim that the value has clearly diminished and therefore the current stipulated valuation violates NY Constitution, article XVI, § 2, which prohibits tax assessment valuations in excess of full value. Proof of unconstitutionality beyond a reasonable doubt must be submitted to rebut the presumption of constitutionality which attaches to legislative enactments (*see, Maresca v Cuomo*, 64 NY2d 242, 250, *appeal dismissed* 474 US 802). Petitioner's evidence is insufficient to meet this burden. While all real property must be assessed at a uniform percentage of full value (*see*, RPTL 305 [2])

and while full value has been equated with market value, defined as the price which a willing purchaser will pay to a willing vendor in an open market (*see, People ex rel. Parklin Operating Corp. v Miller*, 287 NY 126), petitioner's proof fails to acknowledge that this valuation "is determined by analyzing the circumstances of the property in terms of three accepted methods of valuation: comparable sales, capitalization of income and replacement cost less depreciation" (*Matter of Onondaga County Water Dist. v Board of Assessors of Town of Volney*, 45 AD2d 258, 261). Thus, Supreme Court correctly concluded that petitioner failed to establish that the statute is unconstitutional as applied in this instance.

Next, petitioner urges that its inability to challenge the assessment during the three-year moratorium violates the substantive aspects of the Due Process Clauses of both the NY and US Constitutions. In essence, the doctrine of substantive due process prevents the deprivation of life, liberty or property for arbitrary reasons. The challenged statute is not arbitrary if there is a reasonable connection between it and the promotion of the health, comfort, safety and welfare of society (*see, Health Ins. Assn. of Am. v Harnett*, 44 NY2d 302, 310). When attacked, not only is the legislation presumed to be constitutional, but it is also presumed that the Legislature investigated and found the existence of a situation which warranted remedial action (*see, Montgomery v Daniels*, 38 NY2d 41, 54).

While it is true, as petitioner urges, that a taxpayer who successfully prosecutes a tax assessment review proceeding is automatically bound by the moratorium prescribed in RPTL 727, the legislation has a clear and unassailable nexus with societal interests deserving of protection. The purpose of RPTL 727 is "to prevent assessing units from increasing judicially reduced assessments in succeeding years, to prevent taxpayers from perpetually challenging their assessments * * * and 'to spare all parties the time and expense of repeated court intervention' " (*Matter of Rosen v Assessor of City of Troy*, *supra* at 12, quoting Governor's Mem, Bill Jacket, L 1995, ch 693). These purposes satisfy the requirements of substantive due process. Not only is the moratorium not absolute (*see*, RPTL 727 [2]), but the statute is neither so arbitrary nor capricious as to violate substantive due process principles since it balances the relinquishment of the individual right to challenge the tax assessment against the forfeiture of the tax assessing unit's ability to increase the assessment during this period, regardless of any increase in the value of the real estate. Thus, it is clear, at least on this record, that the statute has a rational

basis, seeks to address and remedy a circumstance detrimental to the public welfare and seeks to achieve a balance between the competing interests in the least restrictive manner.

Finally, we reject petitioner's contention that the statute violates the Equal Protection Clauses of the NY and US Constitutions since "special assessment units" are exempt from the operation of the moratorium period found in RPTL 727.[1] Petitioner's essential argument is that a taxpayer located within a special assessing unit, faced with the circumstances that petitioner faces herein, would be free to file a petition while petitioner is not, and the result is invidious discrimination.

Contrary to petitioner's contentions, "[i]t is well settled that where, as here, the challenged legislation does not involve a suspect class[2] or interfere with the exercise of a fundamental right, the scope of judicial review is limited to whether the statutory classification is rationally related to a legitimate government objective" (*Tilles Inv. Co. v Gulotta*, 288 AD2d 303, 304, *appeal dismissed* 97 NY2d 725 [footnote supplied]; *see, Maresca v Cuomo*, 64 NY2d 242, 250, *supra*). This standard of review "is especially deferential in the context of classifications created by complex tax laws" (*Tilles Inv. Co. v Gulotta, supra* at 305). Notably, "the 'creation of different classes for purposes of taxation is permissible as long as the classification is reasonable and the taxes imposed are uniform within the class'" (*id.* at 305, quoting *Foss v City of Rochester*, 65 NY2d 247, 256).

Notwithstanding petitioner's contrary assertions, "the legislature is not required to 'actually articulate at any time the purpose or rationale supporting its classification'" (*Tilles Inv. Co. v Gulotta, supra* at 305, quoting *Nordlinger v Hahn*, 505 US 1, 15). Rather, "a classification 'must be upheld against [an] equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification'" (*Tilles Inv. Co. v Gulotta, supra* at 305, quoting *Federal Communications Commn. v Beach Communications*, 508 US 307, 313; *see, Matter of New York Assn. of Convenience Stores v Urbach*, 275 AD2d 520, 522, *appeal dismissed* 95 NY2d 931, *lv denied* 96 NY2d 717, *cert denied* — US —, 122 S Ct 647). As articulated by respondents, RPTL 727 reduces the exorbitant costs of yearly litigation faced by small communities and school districts, but, for communities with populations of one million or more, the Legislature determined

---

1. A special assessing unit is defined as "an assessing unit with a population of one million or more" (RPTL 1801 [a]).

2. For example, race, national origin or religion.

that these communities are not faced with the same fiscal challenges and can withstand the cost of year-to-year litigation. Accordingly, there is a rational basis for the classification rendering petitioner's equal protection challenge without merit.

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.