■ In the Matter of MICHAEL S. RESNICK, Respondent, v TOWN OF CANAAN, Appellant, et al., Respondents. (Proceeding No. 1.) In the Matter of CLAI SOMMERS et al., Respondents, v TOWN OF CANAAN et al., Appellants, et al., Respondents. (Proceeding No. 2.) In the Matter of CHRISTY RANSFORD et al., Respondents, v TOWN OF CANAAN et al., Appellants, et al., Respondents. (Proceeding No. 3.) [832 NYS2d 102]—

Mugglin, J. Appeals (1) from a judgment of the Supreme Court (Connor, J.), entered October 28, 2005 in Columbia County, which, in proceeding No. 1 pursuant to CPLR article 78 and RPTL article 7, denied respondent Jon C. Surprise's motion to partially dismiss the petition, (2) from a judgment of said court, entered January 26, 2006 in Columbia County, which, in combined proceeding No. 2 pursuant to CPLR article 78 and action for declaratory judgment, denied certain respondents' motion to dismiss and/or for summary judgment, and (3) from a judgment of the Supreme Court (Egan, Jr., J.), entered June 26, 2006 in Columbia County, which, in combined proceeding No. 3 pursuant to CPLR article 78 and RPTL article 7 and action for declaratory judgment, inter alia, denied certain respondents' motion to dismiss and/or for summary judgment.

Petitioners in these three proceedings seek various forms of relief arising from their real property assessments. In proceeding No. 1, petitioner, Michael S. Resnick, seeks RPTL article 7 review of his 2004 assessment, CPLR article 78 review of a claimed selective reassessment procedure employed by respondent Town of Canaan and relief pursuant to 42 USC § 1983 for claimed civil rights violations. In proceeding No. 2, 51 petitioners also seek CPLR article 78 review of a claimed selective reassessment procedure in 2004, as well as declaratory relief and relief pursuant to General Municipal Law § 51. The relief sought by the 42 petitioners in proceeding No. 3 includes all of the claims for relief in the first two proceedings and, in addition, alleges that the 2005 assessments on property owned by petitioners in the first two proceedings were increased in retaliation for their having brought those proceedings. Additionally, proceeding Nos. 2 and 3 seek annulment of all assessment rolls back to 1994, claiming that unlawful assessment methods were employed to target certain groups of homeowners while others, including most of the individual respondents and their associates, received preferential treatment. In each of the proceedings, the Town respondents made various motions to dismiss and/or for summary judgment, all of which were denied, prompting these appeals.

First, the Town respondents argue that the petitions in proceeding Nos. 2 and 3 should be dismissed for failure to join necessary parties. The premise for this argument is that although the Chatham Central School District (hereinafter Chatham CSD), the New Lebanon Central School District (hereinafter New Lebanon CSD) and the County of Columbia were all named as parties in these two proceedings, petitioners failed to properly effect service on them. In analyzing this argument, we first note that, in proceeding No. 2, petitioners seek CPLR article 78 review, while in proceeding No. 3, petitioners' claims are brought under both CPLR article 78 and RPTL article 7 and the service provisions are not the same. With respect to proceeding No. 3, the record is clear that both school districts and the County were properly served pursuant to RPTL 708 (3). With respect to proceeding No. 2, which alleged only CPLR article 78 relief, all parties submitted to Supreme Court's jurisdiction. New Lebanon CSD filed a stipulation of discontinuance stipulating it would "abide the outcome of the case against the Town of Canaan." Chatham CSD filed a notice of appearance admitting service of a copy of the notice of petition and the County moved to intervene in all three cases. Although respondents correctly assert that the identified school districts and the County are necessary parties to the CPLR article 78 proceedings (*see Matter of Haddad v City of Hudson*, 6 AD3d 1018, 1019 [2004]), on this record, service on these parties was adequate to give Supreme Court jurisdiction over them. Lastly, on this issue, we note that the Town respondents assert that nonjoinder of necessary parties occurred not because these parties were not named as such, but because they were not properly served. This objection belongs to the improperly served party who must raise it in a pleading and who must move for judgment within 60 days of service of the pleading or the objection is waived (*see* CPLR 3211 [e]).

Next, the Town respondents contend that they are entitled to the dismissal of petitioners' General Municipal Law § 51 claims in proceeding Nos. 2 and 3 both because the petitions fail to state a cause of action (*see* CPLR 3211 [a] [7]) and on summary judgment principles (*see* CPLR 3212). Section 51 authorizes the maintenance of an action against town officers and others to, in general, prevent the commission of illegal acts or the commission of waste or injury to the municipal property or funds (*see Matter of Schulz v Cobleskill-Richmondville Cent. School Dist. Bd. of Educ.*, 197 AD2d 247, 251 n 1 [1994]). However, mere failure to observe statutory provisions does not constitute the fraud or illegality necessary to support a taxpayer action under this section, but rather a "taxpayer action . . . lies 'only when

the acts complained of are fraudulent, or a waste of public property in the sense that they represent a use of public property or funds for entirely illegal purposes' " (*Mesivta of Forest Hills Inst. v City of New York*, 58 NY2d 1014, 1016 [1983], quoting *Kaskel v Impellitteri*, 306 NY 73, 79 [1953]).

Here, in both proceeding Nos. 2 and 3, it is alleged that the Town Board members and members of respondent Board of Assessment Review and respondent Jon C. Surprise, Town Assessor, knew or should have known that both the 2004 and 2005 tentative assessment rolls were illegal, would cause waste or injury to the Town by reason of forfeiture of funds from the state for not maintaining the rolls properly and that current and past Town Board members received more favorable assessments. Liberally construed, these allegations comprise a facially sufficient cause of action under General Municipal Law § 51 and raise issues of fact that must await a trial. Moreover, Supreme Court correctly determined that the individual respondents were not entitled to summary judgment based on the doctrine of qualified immunity. To establish prima facie entitlement to summary judgment on this issue, the Town respondents must produce evidence that the conduct complained of falls within the scope of their official duties and that either the conduct was objectively reasonable, under the circumstances, or that reasonably competent officials could disagree as to whether the conduct was proper (*see Doyle v Rondout Val. Cent. School Dist.*, 3 AD3d 669, 670-671 [2004]; *Kravitz v Police Dept. of City of Hudson*, 285 AD2d 716, 718 [2001]). As the Town respondents failed to establish their prima facie entitlement to judgment, petitioners were not compelled to come forward with evidence to raise a triable issue of fact. Lastly, with respect to this cause of action, petitioners' failure to file a bond does not require dismissal as this failure may be cured nunc pro tunc (*see Matter of Schulz v De Santis*, 218 AD2d 256, 259 [1996]; *Matter of Schulz v State of New York*, 198 AD2d 554, 556-557 n 1 [1993], *lv denied* 83 NY2d 756 [1994]).

Next, the Town respondents contend that Supreme Court erred in denying their motion to dismiss the causes of action brought pursuant to 42 USC § 1983. Here, petitioners have pleaded that they were victims of selective assessment, that the Town respondents reassessed properties pursuant to both the "welcome stranger" and "welcome improver" policies and that the Town respondents engaged in selective reassessment in retaliation for petitioners' challenge of former assessments. Supreme Court properly denied the Town respondents' motions as such allegations state recognized justiciable controversies

(*see 423 S. Salina St. v City of Syracuse*, 68 NY2d 474, 484 [1986], *appeal dismissed, cert denied* 481 US 1008 [1987]; *Corvetti v Town of Lake Pleasant*, 227 AD2d 821, 823 [1996]).

Next, we conclude, as did Supreme Court, that the Town respondents are not entitled to summary judgment dismissing those claims based upon retaliatory, discriminatory and selective reassessment. The competing competent admissible evidence in the record clearly establishes triable issues of fact (*see Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 44 [2003]).

Lastly, the Town respondents are correct that petitioners' claims relating to final assessment rolls prior to 2004 are time barred. When both CPLR article 78 and RPTL article 7 proceedings are brought, the longer four-month statute of limitations found in CPLR article 78 is applicable (*see Matter of Dudley v Kerwick*, 52 NY2d 542, 548-550 [1981]; *Kahal Bnei Emunim & Talmud Torah Bnei Simon Israel v Town of Fallsburg*, 78 NY2d 194, 205 [1991]; *Matter of Averbach v Board of Assessors of Town of Delhi*, 176 AD2d 1151, 1153 [1991]). In addition, the four-month statute applies to the relief requested under General Municipal Law § 51 and for declaratory relief, as the nature of the remedy, rather than the theory of liability, dictates the appropriate statute of limitations (*see Clowes v Pulver*, 258 AD2d 50, 53 [1999]). Given that the first petition that was commenced was dated October 5, 2004 (proceeding No. 1), the four-month statute of limitations had expired on all challenges to the tax rolls for years 2003 and before and, therefore, all such claims should be dismissed. Nevertheless, petitioners' claims under 42 USC § 1983 are not time barred. While generally such causes of action are governed by a three-year statute of limitations, one who experiences a continuous series of discriminatory acts may bring a claim for violations that occur outside the limitations period if subsequent identifiable acts of discrimination occur within the period of limitations (*see Abbott v Town of Delaware*, 238 AD2d 868, 869-870 [1997], *lv denied* 90 NY2d 805 [1997]; *Corvetti v Town of Lake Pleasant, supra* at 824).

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgments are modified, on the law, without costs, by dismissing those claims that pertain to assessment rolls prior to 2004 under RPTL article 7, CPLR article 78 and General Municipal Law § 51 as time barred, and, as so modified, affirmed.