■ Louis A. Terminello et al., Respondents-Appellants, v Village of Piermont, Appellant-Respondent, et al., Defendants. [938 NYS2d 162]—

On November 22, 2005, the Village of Piermont adopted Local

Law No. 7 (2005) of the Village of Piermont (hereinafter Local Law No. 7), "to adopt the provisions of Real Property Tax Law, Section 1903 concerning Homestead base proportions." On the same date, the Village adopted revaluation figures following a complete reassessment of real property within the Village. The plaintiffs are residential condominium owners and homeowner's associations within the Village who allege, among other things, that their tax assessments increased disproportionately to other similarly situated properties after the Village's adoption of Local Law No. 7 and the 2005 revaluation figures, and that such disparate treatment is unconstitutional.

The Village established, prima facie, its entitlement to judgment as a matter of law with regard to the plaintiffs' allegations that their federal and state constitutional rights to equal protection were violated by the Village's adoption of Local Law No. 7 and the homestead provisions of the Real Property Tax Law. Legislative enactments and local laws are presumptively valid (*see Matter of Van Berkel v Power*, 16 NY2d 37, 40 [1965]; *Korotun v Incorporated Vil. of Bayville*, 26 AD3d 311, 312-313 [2006]). This presumption is especially strong in the area of taxation, where special deference is given to legislative policy choices (*see 41 Kew Gardens Rd. Assoc. v Tyburski*, 70 NY2d 325, 333 [1987]).

Furthermore, where, as here, the challenged legislation does not involve a suspect class or interfere with the exercise of a fundamental right, the scope of judicial review is limited to whether the classification is rationally related to a legitimate governmental objective (*see Maresca v Cuomo*, 64 NY2d 242, 250 [1984]; *Tilles Inv. Co. v Gulotta*, 288 AD2d 303, 304 [2001]). As the rational basis standard of review is especially deferential in the area of tax law, equal protection does not prevent the Legislature from treating one class of individuals or entities differently unless the difference is palpably arbitrary or amounts to invidious discrimination (*see Trump v Chu*, 65 NY2d 20, 25 [1985]; *Tilles Inv. Co. v Gulotta*, 288 AD2d at 305). Thus, a classification must be upheld if there is any reasonably conceivable state of facts that could provide a rational basis for the classification (*see Port Jefferson Health Care Facility v Wing*, 94 NY2d 284, 290 [1999], *cert denied* 530 US 1276 [2000]).

Real Property Tax Law § 1901 (13) (a) defines the "Homestead class" to include condominiums, but not any condominium which "previously was on an assessment roll as a dwelling unit in other than condominium form of ownership" (RPTL 1901 [13] [a] [2]). The Village established, prima facie, that this provision bears a rational relationship to a valid state interest.

Prohibiting retroactive application of the law is a valid state interest (*see Matter of 470 Newport Assoc. v Tax Appeals Trib. of State of N.Y.*, 211 AD2d 322, 326 [1995]). Furthermore, the classification of properties as homestead or non-homestead, and the imposition of different tax rates on each, is reasonable (*see Foss v City of Rochester*, 65 NY2d 247, 257 [1985]).

In response to the Village's showing, the plaintiffs failed to raise a triable issue of fact as to whether the application of the law to their properties violates their federal or state constitutional rights to equal protection (*see Matter of Chasalow v Board of Assessors of County of Nassau*, 202 AD2d 499, 501 [1994]; *Matter of Towne House Vil. Condominium v Assessor of Town of Islip*, 200 AD2d 749 [1994]; *cf. Foss v City of Rochester*, 65 NY2d at 260; *Verga v Town of Clarkstown*, 137 AD2d 809 [1988]). Accordingly, the Village was entitled to summary judgment with respect to so much of the complaint, insofar as asserted against it, as alleged equal protection violations.

Contrary to the Village's contention, the plaintiffs did not abandon their remaining theories of liability, which were argued both before the Supreme Court and on this appeal. Nevertheless, the Village established, prima facie, its entitlement to judgment as a matter of law with respect to the plaintiffs' allegations of federal and state due process violations (*see A. Magnano Co. v Hamilton*, 292 US 40, 44 [1934]; *Kaluczky v City of White Plains*, 57 F3d 202, 211 [1995]), and their allegation that the Village retaliated against them for exercising their federal and state free speech rights to file tax grievances (*see Cobb v Pozzi*, 363 F3d 89, 102 [2004]). In response, the plaintiffs offered only conclusory allegations which failed to raise a triable issue of fact. Further, the plaintiffs' allegation of a conspiracy to violate their equal protection and due process rights (*see* 42 USC § 1985 [3]; *Carpenters v Scott*, 463 US 825, 829 [1983]), must also fail.

The parties' remaining contentions are without merit.

Accordingly, the Supreme Court should have granted the Village's converted motion for summary judgment, in effect, dismissing the complaint insofar as asserted against it and declaring that Real Property Tax Law article 19, as applied by Local Law No. 7, is not unconstitutional.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that Real Property Tax Law article 19, as applied by Local Law No. 7, is not unconstitutional (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Leventhal, Roman and Sgroi, JJ., concur.