■ LAWRENCE WAY et al., Respondents, v CITY OF BEACON et al., Appellants. [947 NYS2d 531]—

In an action for a judgment pursuant to 42 USC § 1983 declaring that the defendants' practice of intentionally miscalculating nonhomestead real property taxes deprives the plaintiffs of their due process and equal protection rights under color of state law, to recover damages pursuant to 42 USC § 1983 for the deprivation of the plaintiffs' due process and equal protection rights under color of state law, and to recover the overpayment of real property taxes, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated May 17, 2011, as denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint and pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against the defendant Joseph Braun as time-barred.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action, which alleged a deprivation of the plaintiffs' equal protection rights under color of state law pursuant to 42 USC § 1983, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In December 2009 the plaintiffs, who are fee owners of nonhomestead commercial real property located within the de-

fendant City of Beacon, commenced this action solely against the City, asserting five causes of action, and seeking repayment of certain real property taxes premised on alleged miscalculations of the tax rates applied to homestead and nonhomestead properties. In a prior order, the Supreme Court directed the dismissal of the original complaint on the ground that all five causes of action set forth therein were time-barred, but granted the plaintiffs leave to amend the complaint, inter alia, to assert causes of action pursuant to 42 USC § 1983, based on alleged violations of their federal constitutional rights to equal protection and due process, and to add former City Administrator Joseph Braun as a party defendant.

Thereafter, on December 30, 2010, the plaintiffs filed a supplemental summons and an amended complaint against the City and Braun, in which they sought, inter alia, damages and declaratory relief pursuant to 42 USC § 1983 for violations of their federal constitutional rights to equal protection and due process. They alleged that, for at least 12 consecutive years, the defendants employed a certain formula to calculate the real property tax rates for homestead and nonhomestead properties which was not authorized by the City Charter or State law. Therefore, they alleged that they were subjected to an unauthorized tax rate. As a result of this unauthorized tax rate, they alleged, nonhomestead property owners overpaid their respective property taxes, while homestead property owners underpaid.

The defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint, inter alia, for failure to state a cause of action under 42 USC § 1983, and pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint insofar as asserted against Braun as time-barred. The plaintiffs cross-moved for leave to enter a default judgment against the defendants. The Supreme Court denied both the City's motion and the plaintiffs' cross motion.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the complaint is to be afforded a liberal construction (*see* CPLR 3026). The facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory (*see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005]; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Landon v Kroll Lab. Specialists, Inc.*, 91 AD3d 79, 82 [2011]; *Thomas v LaSalle Bank N.A.*, 79 AD3d 1015 [2010]; *Sonne v Board of Trustees of Vil. of Suffern*, 67 AD3d 192, 200 [2009]). "[E]videntiary material [submitted by the plaintiffs]

may be considered to 'remedy defects in the complaint' " (*Dana v Shopping Time Corp.*, 76 AD3d 992, 994 [2010], quoting *Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]; *see Zorn v Gilbert*, 60 AD3d 850, 850 [2009]).

Here, the plaintiffs failed to sufficiently allege a deprivation of their right to equal protection. "[S]ubject to constitutional inhibitions, the Legislature has very nearly unconstrained authority in the design of taxing impositions" (*Foss v City of Rochester*, 65 NY2d 247, 257 [1985] [internal quotation marks omitted]; *see Nash v Assessor of Town of Southampton*, 168 AD2d 102, 105 [1991]). "The integrity of any system of taxation, and particularly real property taxation, rests upon the premise that similarly situated taxpayers pay the same share of the tax burden" (*Foss v City of Rochester*, 65 NY2d at 254). "[T]he creation of different classes for purposes of taxation is permissible as long as the classification is reasonable and the taxes imposed are uniform within the class" (*id.* at 256). "[A] tax classification will only violate constitutional equal protection guarantees if the distinction between the classes is palpably arbitrary or amounts to invidious discrimination" (*Nash v Assessor of Town of Southampton*, 168 AD2d at 105 [internal quotation marks omitted]; *see Terminello v Village of Piermont*, 92 AD3d 673, 674 [2012]; *Giovannetti v Dormitory Auth. of State of N.Y.*, 115 AD2d 851, 853 [1985], *affd* 69 NY2d 621 [1986]). "[T]he classification of properties as homestead or nonhomestead, and the imposition of different tax rates on each, is reasonable" (*Terminello v Village of Piermont*, 92 AD3d at 675, citing *Foss v City of Rochester*, 65 NY2d at 257).

The purported equal protection violation alleged herein is premised on the classification of properties within the City as homestead or nonhomestead. The plaintiffs' allegations with respect to the defendants' unauthorized tax rate do not describe invidious discrimination (*see Nash v Assessor of Town of Southampton*, 168 AD2d at 105; *Terminello v Village of Piermont*, 92 AD3d at 674).

However, the plaintiffs sufficiently alleged a due process violation. When taxpayers challenge state taxation, a section 1983 due process cause of action is stated upon an allegation of "an aggravated pattern of misuse of the taxing power" (*423 S. Salina St. v City of Syracuse*, 68 NY2d 474, 484 [1986] [internal quotation marks omitted], *cert denied* 481 US 1008 [1987]; *see Abbott v Town of Delaware*, 238 AD2d 868, 869-870 [1997]; *Corvetti v Town of Lake Pleasant*, 227 AD2d 821, 823 [1996]).

Here, the plaintiffs annexed to the amended complaint certain minutes from City Council meetings and a letter from the City's

Mayor acknowledging that the City's nonhomestead property owners were overtaxed for a period of at least 12 years. The plaintiffs also submitted affidavits from the City's Mayor and the City's Director of Finance, in which they stated that the miscalculation was done deliberately at the direction of the former City Administrator Braun. Further, the plaintiffs submitted an affidavit from the Director of Real Property Tax Services for the County of Dutchess who acknowledged that, in 2008, it was discovered that the "Base Proportions certified by the City Council for the prior year were not the same as those used by the [City] to apportion the tax levy." As such, presuming that all of the allegations set forth in the complaint are true for the purpose of the motion, and affording the plaintiffs the benefit of every favorable inference with respect to those allegations, the complaint, as amplified by the supporting affidavits, alleged an aggravated pattern of misuse of the City's taxing power.

Further, contrary to the defendants' contention, the Supreme Court correctly determined that the plaintiffs' cause of action pursuant to 42 USC § 1983 that alleged deprivation of their due process rights was not time-barred insofar as asserted against Braun. Causes of action asserted pursuant to section 1983 have a three-year statute of limitations in New York (*see* CPLR 214; *Matter of Greenfield v Town of Babylon Dept. of Assessment*, 76 AD3d 1071, 1073-1075 [2010]), and accrue "when the plaintiff knows or has reason to know of the injury which is the basis of [the] action" (*Pearl v City of Long Beach*, 296 F3d 76, 80 [2002] [internal quotation marks omitted], *cert denied* 538 US 922 [2003]; *see Rimany v Town of Dover*, 72 AD3d 918, 921 [2010]; *Palmer v State of New York*, 57 AD3d 364 [2008]). Here, the Supreme Court correctly determined that the plaintiffs commenced the instant action against Braun within the applicable three-year limitations period.

The defendants' remaining contention is without merit.

Accordingly, the Supreme Court improperly denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action, which alleged a deprivation of the plaintiffs' equal protection rights under color of state law pursuant to 42 USC § 1983, but properly denied those branches of the motion which were pursuant to CPLR 3211 (a) (7) to dismiss the balance of the complaint and pursuant to CPLR 3211 (a) (5) to dismiss the due process cause of action insofar as asserted against Braun. Dillon, J.P., Eng, Austin and Sgroi, JJ., concur. **[Prior Case History: 31 Misc 3d 1227(A), 2011 NY Slip Op 50863(U).]**