Matter of Turdo v Assessor of the Town of Vestal, N.Y. (2022 NY Slip Op 03036)

Matter of Turdo v Assessor of the Town of Vestal, N.Y.

2022 NY Slip Op 03036

Decided on May 5, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 5, 2022

533289 533290
[*1]In the Matter of Louis Turdo Jr., Appellant,
v
Assessor of the Town of Vestal, New York, et al., Respondents. (And Another Related Proceeding.)

Calendar Date:March 25, 2022

Before:Garry, P.J., Lynch, Aarons, Colangelo and Ceresia, JJ.

Hinman, Howard & Kattell, LLP, Binghamton (Paul T. Sheppard of counsel), for appellant.
Law Office of David S. Berger, Vestal (David S. Berger of counsel), for respondents.

Colangelo, J.
Appeal from an order of the Supreme Court (Tait, J.), entered April 12, 2021 in Broome County, which, in two proceedings pursuant to RPTL article 7, denied petitioner's motion for partial summary judgment.
Petitioner is the owner of real property in the Town of Vestal, Broome County. In 2015, petitioner and Up State Tower Co., LLC (hereinafter UST) entered into a land use agreement wherein UST leased a portion of the property to install various telecommunications equipment. In October 2018, UST erected a 150-foot cellular phone tower with additional communications equipment on the tower at a cost to UST of approximately $107,000. In May 2019, respondents increased the assessment of petitioner's property by $229,000 to $452,000. Petitioner's grievance, filed with respondent Town of Vestal's Board of Assessment Review to challenge the increase, was denied. Petitioner then commenced an RPTL article 7 proceeding challenging the assessment. In May 2020, following the 2020/2021 assessment that maintained the increase, petitioner filed a second grievance and, upon its denial, commenced a second proceeding under RPTL article 7 challenging the assessment and thereafter moved for partial summary judgment in both proceedings. Supreme Court denied the motion, prompting this appeal by petitioner. We affirm.
It is undisputed that the increased assessment was attributable to the tower. As relevant here, real property for taxation under RPTL 102 (12) (i) includes "all lines, wires, poles, supports and enclosures for electrical conductors upon, above and underground used in connection with the transmission or switching of electromagnetic voice, video and data signals between different entities separated by air, street or other public domain" (see Matter of T-Mobile Northeast, LLC v DeBellis, 32 NY3d 594, 607 [2018]). According to petitioner and a principal of UST, the tower could not be taxed as real property since, during the tax years in question, the tower was not transmitting or receiving any cellular, radio or other signals and was therefore not being "used in connection with" anything (RPTL 102 [12] [i]).
The issue thus distills to whether the tower is taxable real property prior to or when it is not actively in use. Supreme Court determined that the word "used" is descriptive as to the type of equipment subject to real property tax, rejecting petitioner's argument that taxability is determined by whether the tower was actively operating. "In answering any question of statutory interpretation, our primary consideration is to ascertain and give effect to the intention of the Legislature. Because the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (People v Thomas, 33 NY3d 1, 5-6 [2019] [internal quotation marks and citations omitted]; see Lubonty v U.S. Bank N.A., 34 NY3d 250, 255 [2019]; Matter of [*2]T-Mobile Northeast, LLC v DeBellis, 32 NY3d at 607). Further, "a statute must be construed as a whole and its various sections must be considered together and with reference to each other" (Matter of Walsh v New York State Comptroller, 34 NY3d 520, 524 [2019] [internal quotation marks, ellipsis and citation omitted]). A statute must be interpreted "so as to avoid an unreasonable or absurd application of the law" (Lubonty v U.S. Bank N.A., 34 NY3d at 255 [internal quotation marks and citation omitted]).
Applying those principles here, petitioner's cramped reading of RPTL 102 (12) (i) would allow a taxpayer to avoid an increased assessed valuation by deactivating any equipment prior to an assessment and reactivating the equipment after the assessment. Such a reading would allow the status of real property to be altered at will and produce an inequitable and absurd result. Moreover, the plain meaning of the phrase "used in connection with" has been interpreted to apply to the function of the equipment and not to its activity or inactivity. As the Court of Appeals clarified in Matter of T-Mobile Northeast, LLC v DeBellis, "[b]ecause the primary function of the equipment . . . [was] to transmit cellular data, the components are 'used in connection with the transmission or switching of electromagnetic voice, video and data signals between different entities separated by air, street or other public domain,' as required by the statute" (32 NY3d at 608, quoting RPTL 102 [12] [i]). We therefore agree with Supreme Court that the statutory phrase "used in connection with" describes the nature and function of the equipment as opposed to whether such equipment is actually in use. Parenthetically, we also note that the addition of the tower to petitioner's property and its revenue-generating potential unquestionably enhances the value of his land. Whether he chooses to tap that potential is solely his prerogative, but his choice does not dictate taxability. We thus find that the plain text of RPTL 102 (12) (i) unambiguously indicates that the tower was taxable real property (see Matter of T-Mobile Northeast, LLC v DeBellis,32 NY3d at 608). In light of this determination, we need not address whether the tower is taxable real property as a common-law fixture.
Based on our interpretation of the statute, we affirm Supreme Court's determination denying partial summary judgment on the assessed value of the property. Tax assessment valuation "is determined by analyzing the circumstances of the property in terms of three accepted methods of valuation: comparable sales, capitalization of income and replacement cost less depreciation" (Matter of Mallinckrodt Med. v Assessor of Town of Argyle, 292 AD2d 721, 723 [2002] [internal quotation marks and citation omitted]). "Inasmuch as a rebuttable presumption of validity attaches to the valuation of property made by [a] taxing authority, a petitioner in an RPTL article 7 tax certiorari proceeding challenging the [*3]accuracy of an assessment bears the initial burden of coming forward with substantial evidence that the property was overvalued by the assessor" (Matter of Foxcroft Vil., LLC v Town Assessor of the Town of Fallsburg, 176 AD3d 1527, 1527 [2019] [internal quotation marks and citation omitted]). Petitioner failed to submit "a detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser" (id. at 1527-1528 [internal quotation marks and citation omitted]). Supreme Court thus correctly concluded that petitioner failed to overcome the presumption and summary judgment would have been improper (see Matter of Assn. of Prop. Owners of Sleepy Hollow Lake, Inc. v McBride, 174 AD3d 1027, 1031 [2019]).
Garry, P.J., Lynch, Aarons and Ceresia, JJ., concur.
ORDERED that the order is affirmed, without costs.